657 N.W.2d 121 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Kathryn Jane HAUSER, Defendant-Appellee.
Docket No. 122752, COA No. 239688.
Supreme Court of Michigan.
March 5, 2003.
On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal and the application for leave to appeal as cross-appellant from the October 29, 2002, decision of the Court of Appeals are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents as states as follows:
Plaintiff here pleaded "no contest" to operating a motor vehicle under the influence of a controlled substance causing death, as a second offender. The issue presented is whether the trial court properly scored offense variable 3 at 25 points under the sentencing guidelines. At the time in question, M.C.L. § 777.33 provided in pertinent part:
(1) Offense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points.
(a) A victim was killed ... 100 points.
(b) Life threatening or permanent incapacitating injury occurred to a victim... 25 points.

* * *
(e) No physical injury occurred to a victim ... 0 points.

* * *
(2)(b) Score 100 points if death results from the commission of a crime and homicide is not the sentencing offense.[1]
MCL 777.1(c) defines "homicide" as "any crime in which the death of a human being is an element of that crime."
In this case, a victim was killed. Because the death of a human being is an element of "operating a motor vehicle under the influence of a controlled substance causing death," the sentencing offense here, offense variable 3 cannot be scored at 100 points. Offense variable 3 also cannot be scored at 0 points, because there was "physical injury ... to a victim." Finally, offense variable 3 should be scored at 25 points because a "[l]ife threatening... injury occurred to a victim." Indeed, the victim was injured to the point of *122 death. For this reason, I believe that the trial court properly scored offense variable 3 at 25 points, and that the Court of Appeals erred in scoring OV-3 at 0 and reversing the order of the trial court. I would reinstate the trial court's order sentencing defendant to seven to fifteen years in prison.
NOTES
[1] MCL 777.33 has since been amended to provide that 35 points are to be scored "if death results from the commission of a crime and the elements of the offense or attempted offense involve the operation of a motor vehicle... under the influence or while impaired causing death." MCL 777.33(2)(c).