683 N.W.2d 192 (2004)
261 Mich.App. 463
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Duane Joshua HOUSTON, Defendant-Appellant.
Docket No. 245889.
Court of Appeals of Michigan.
Submitted March 9, 2004, at Lansing.
Decided April 1, 2004, at 9:10 a.m.
Released for Publication June 24, 2004.
*194 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, Arthur A. Busch, Prosecuting Attorney, Donald A. Kuebler, Chief, Research, Training, and Appeals, and Vikki Bayeh Haley, Assistant Prosecuting Attorney, for the people.
State Appellate Defender (by Gail Rodwan), for the defendant on appeal.
Before: JANSEN, P.J., and MARKEY and GAGE, JJ.
MARKEY, J.
Defendant appeals by right his convictions and sentences, after a jury trial, of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant argues that the trial court abused its discretion by admitting evidence that three days before the murder defendant possessed a weapon similar to one used in the homicide. He also contends that he must be resentenced because the trial court relied on inaccurately scored sentencing guidelines to sentence him to life imprisonment. We find that the trial court did not abuse its discretion in admitting the evidence in question. Further, although defendant's arguments regarding the trial court's scoring of offense variable OV 3 and OV 14 have merit, we hold, in an issue of first impression, that the life sentence imposed by the trial court was appropriate even under defendant's version of the correct scoring. Any guidelines scoring error was therefore harmless. Accordingly, we affirm defendant's convictions and sentences.

I
Defendant first argues that the trial court abused its discretion by admitting evidence that defendant possessed a .380-caliber handgun three days before the crime. Defendant contends the evidence was not relevant, that it should have been excluded under MRE 403, and that it was evidence of another crime, but the prosecutor failed to provide the notice required by MRE 404(b)(2). We disagree.
*195 Defendant preserved his challenge of this evidence on grounds of relevancy, unfair prejudice, and that the evidence did not meet the requirements of MRE 404(b)(1), by objecting on those grounds in the trial court. MRE 103(a)(1); People v. Aldrich, 246 Mich.App. 101, 113, 631 N.W.2d 67 (2001). But defendant failed to preserve a specific objection regarding pretrial notice required by MRE 404(b)(2). MRE 103(a)(1); Aldrich, supra.
We review for a clear abuse of discretion the trial court's decision to admit or exclude evidence. Aldrich, supra at 113, 631 N.W.2d 67. An abuse of discretion exists only if an unprejudiced person considering the facts on which the trial court acted would say that there is no justification or excuse for the trial court's decision. People v. Snider, 239 Mich.App. 393, 419, 608 N.W.2d 502 (2000). A trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion. People v. Layher, 464 Mich. 756, 761, 631 N.W.2d 281 (2001). A preserved nonconstitutional evidentiary error will not merit reversal unless it involves a substantial right, and, on review of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome-determinative. People v. Lukity, 460 Mich. 484, 495-496, 596 N.W.2d 607 (1999).
We review for plain error unpreserved claims of evidentiary error. People v. Carines, 460 Mich. 750, 763, 597 N.W.2d 130 (1999). To warrant reversal, defendant must establish that the plain error affected his substantial rights, meaning that the error was outcome-determinative. Id.
Evidence that defendant possessed a .380-caliber pistol three days before the crime was relevant; consequently, we conclude the trial court did not abuse its discretion by admitting it. MRE 401; MRE 402. Further, the trial court properly concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403. Because the evidence was properly admitted, defendant cannot establish that the prosecutor's alleged failure to comply with MRE 404(b)(2) affected his substantial rights. People v. Hawkins, 245 Mich.App. 439, 455, 628 N.W.2d 105 (2001).
Generally, all relevant evidence is admissible at trial. Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. Under this broad definition, evidence is admissible if it is helpful in throwing light on any material point. However, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. [Aldrich, supra at 114, 631 N.W.2d 67 (citations omitted).]
Here, evidence that defendant possessed a .380-caliber pistol three days before the crime was directly relevant to identifying defendant as the killer. In People v. Hall, 433 Mich. 573, 447 N.W.2d 580 (1989), our Supreme Court, in a decision that presaged the Court's subsequent approach to MRE 404(b),[1] held that the defendant's *196 possession of a sawed-off shotgun over six months after the charged armed robbery, though showing an unrelated offense, was relevant and admissible to show that the defendant committed an armed robbery using a similar weapon. "Evidence of a defendant's possession of a weapon of the kind used in the offense with which he is charged is routinely determined by courts to be direct, relevant evidence of his commission of that offense." Hall, supra at 580-581, 447 N.W.2d 580. The Court noted that "the shotgun itself was equally as direct an item of evidence of defendant's commission of the charged robbery in this case as marked bills or identifiable jewelry would be in another...." Id. at 583, 447 N.W.2d 580. Thus the evidence at issue, together with the fact that the victim was killed with a . 380-caliber gun, was directly probative of defendant's guilt.
Defendant also fails to overcome his heavy burden of showing that the trial court abused its discretion by declining to exclude the testimony on the grounds that it would cause unfair prejudice, confusion of the issues, or mislead the jury. MRE 403; People v. Albers, 258 Mich.App. 578, 588, 672 N.W.2d 336 (2003). The parties' theories of the case were relatively simple. The testimony did not necessarily portray that defendant committed another crime, because unlike the sawed-off shotgun in Hall, mere possession of a pistol is not a crime. Also, the record does not indicate that the prosecutor attempted to suggest that the evidence established an improper inference linking character to conduct. Nevertheless, the trial court specifically instructed the jury that such an inference was not permitted. Evidence is not unfairly prejudicial simply because it is damaging to a party's position at trial. See People v. Mills, 450 Mich. 61, 75, 537 N.W.2d 909 (1995), mod and remanded 450 Mich. 1212, 539 N.W.2d 504 (1995). All relevant evidence will be damaging to the extent it tends to prove the charged offense. Id. Given the high probative value of the evidence, the trial court did not abuse its discretion by finding that the danger of unfair prejudice did not substantially outweigh the general rule of admissibility. Hall, supra at 584-585, 447 N.W.2d 580; see, also, People v. Rice (on reManD), 235 mich.App. 429, 441, 597 n.w.2D 843 (1999).
Defendant's argument regarding MRE 404(b) also fails. Analysis under MRE 404(b) is inapposite because the evidence that defendant possessed a .380-caliber pistol three days before the crime did not operate through an intermediate inference. Hall, supra at 583, 447 N.W.2d 580. Nor did the prosecutor present the evidence for the prohibited purpose of proving that defendant committed the crimes charged in accordance with a pattern of historical misconduct. See People v. Starr, 457 Mich. 490, 495, 577 N.W.2d 673 (1998), and People v. Golochowicz, 413 Mich. 298, 308, 319 N.W.2d 518 (1982). Thus, the evidence was not offered "to prove a person's character to show that the person acted in conformity with character on a particular occasion." People v. Sabin (After Remand), 463 Mich. 43, 56, 614 N.W.2d 888 (2000). Because the evidence was directly relevant to identifying defendant as the killer and did not involve an intermediate inference of character, MRE 404(b) was not implicated. People v. VanderVliet, 444 Mich. 52, 64, 508 N.W.2d 114 (1993), mod 445 Mich. 1205, 520 N.W.2d 338 (1994).
But even if MRE 404 applied to the evidence at issue, the evidence was still properly admitted. In Hawkins, supra, this Court summarized the criteria for admissibility of evidence under MRE 404(b) as clarified by our Supreme Court in VanderVliet.

*197 Prior bad acts evidence is admissible if: (1) a party offers it to prove something other than a character to conduct theory as prohibited by MRE 404(b); (2) the evidence fits the relevancy test articulated in MRE 402, as enforced by MRE 104(b); and (3) the balancing test provided by MRE 403 demonstrates that the evidence is more probative of an issue at trial than substantially unfair to the party against whom it is offered, defendant in this case. A fourth factor articulated in VanderVliet, which does not fully conform to the idea of a test expressed in the preceding three factors, suggests that a party may request a limiting instruction under MRE 105 if the trial court decides to admit the challenged evidence. [Hawkins, supra at 447-448, 628 N.W.2d 105 (citations and internal punctuation omitted).]
The evidence in this case met these criteria because it was relevant for a reason other than to prove a theory linking character to conduct, and the trial court did not abuse its discretion when applying the balancing test of MRE 403. Moreover, the trial court gave a limiting instruction prohibiting the jury from drawing an improper inference. "Juries are presumed to follow their instructions." People v. Rodgers, 248 Mich.App. 702, 717, 645 N.W.2d 294 (2001), citing People v. Graves, 458 Mich. 476, 486, 581 N.W.2d 229 (1998). Thus, the trial court's instructions eliminated any possible unfair prejudice. People v. Green, 228 Mich.App. 684, 693, 580 N.W.2d 444 (1998). Because the evidence was properly admissible under MRE 404(b)(1), defendant cannot establish that unpreserved error in the prosecutor's failure to comply with the notice requirement of MRE 404(b)(2) affected his substantial rights. Hawkins, supra at 455, 628 N.W.2d 105.

II
The trial court sentenced defendant to life in prison for his conviction of second-degree murder on the basis of sentencing guidelines scoring of five prior record variable (PRV) points and 115 offense variable (OV) points.[2] Because defendant was also sentenced as a second felony offender, the trial court's guidelines score resulted in a recommended minimum sentence range of 180 months to 375 months, or life derived from box III-B in the "M2" sentencing guidelines grid. MCL 777.61. Defendant argues that the trial court erroneously scored OV 3 at twenty-five points rather than zero points because the sentencing offense was a homicide, not the result of the operation of a vehicle while under the influence or while impaired pursuant to People v. Hauser, unpublished opinion per curiam of the Court of Appeals, issued October 29, 2002, 2002 WL 31424778 (Docket No. 239688), lv den 468 Mich. 861, 657 N.W.2d 121 (2003). Defendant also argues that the trial court erred by scoring OV 14 at ten points for being a leader in a multiple-offender situation when the prosecutor conceded that the other person involved was an unwilling participant who had no criminal liability. See MCL 777. 44(1)(a). Defendant recognizes that the alleged error in scoring OV 14 does not affect the guidelines recommendation but argues that changing both OV 14 and OV 3, or just OV 3 alone, would lower the sentencing guidelines recommended minimum sentence from 180 to 375 months or life (III-B) to 162 to 337 months (II-B). Defendant argues that because a life sentence is not listed as an *198 alternative sentence in the II-B box of the "M2" sentencing guidelines grid, the life sentence the trial court imposed exceeded the appropriate guidelines range, and resentencing is required. Defendant preserved his claims by objecting to the guidelines scoring at the sentencing proceeding. MCR 6.429(C); MCL 769.34(10); People v. McGuffey, 251 Mich.App. 155, 165-166, 649 N.W.2d 801 (2002).
We review for clear error the trial court's factual findings at sentencing. MCR 2.613(C); People v. Babcock, 469 Mich. 247, 264-265, 666 N.W.2d 231 (2003). But the proper construction or application of statutory sentencing guidelines presents a question of law that is reviewed de novo. People v. Hegwood, 465 Mich. 432, 436, 636 N.W.2d 127 (2001). A trial court has discretion in scoring the sentencing guidelines. People v. Hornsby, 251 Mich.App. 462, 468, 650 N.W.2d 700 (2002). On appeal, we will uphold the trial court's guidelines scoring if there is any evidence in the record to support it. People v. Spanke, 254 Mich.App. 642, 647, 658 N.W.2d 504 (2003); People v. Phillips, 251 Mich.App. 100, 108, 649 N.W.2d 407 (2002). In sum, this Court "reviews a sentencing court's scoring decision to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." People v. McLaughlin, 258 Mich.App. 635, 671, 672 N.W.2d 860 (2003).
Defendant's argument implicates the interpretation of MCL 777. 33, which has yet to be decided in a published appellate decision. May offense variable points be assessed for the death of a victim where the sentencing offense is a homicide, defined for guidelines purposes as "any crime in which the death of a human being is an element of that crime," MCL 777.1(c), and not an offense described in MCL 777.33(2)(c) ("the operation of a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive under the influence or while impaired causing death")? We find support for defendant's position regarding scoring OV 3 in unpublished opinions of this Court, which have followed Hauser. See People v. Edelen, unpublished opinion per curiam of the Court of Appeals, issued December 23, 2003, 2003 WL 23018770 (Docket No. 242167), and People v. Stanko, unpublished opinion per curiam of the Court of Appeals, issued January 27, 2004, 2004 WL 134008 (Docket No. 242876). But in People v. Smith, unpublished opinion per curiam of the Court of Appeals, issued May 20, 2003 (Docket No. 234830), lv. den. 469 Mich. 978 (2003), a panel of this Court held that OV 3 should have been scored at twenty-five points following a second-degree murder conviction. See, also, Justice Markman's dissent from denial of leave to appeal in Hauser, supra, 468 Mich. 861, 657 N.W.2d 121. Although the weight of the nonbinding precedent, MCR 7.215(C)(1), favors defendant's position, we are mindful that we should not engage in obiter dictum if the alleged error here would not require that defendant be resentenced. See People v. Mutchie, 468 Mich. 50, 658 N.W.2d 154 (2003).
We assume that the trial erred in scoring OV 3, but conclude that resentencing is not warranted because the life sentence imposed by the trial court was still within the appropriate guidelines range. When a trial court imposes a sentence within the recommended guidelines range of accurately scored sentencing guidelines, this Court must affirm the trial court's sentence. MCL 769.34(10); Babcock, supra at 261, 272, 666 N.W.2d 231. Remand for resentencing is required only when the guidelines have been misscored or when inaccurate information results in the sentence imposed falling outside the appropriate guidelines range, and "the trial court *199 did not have a substantial and compelling reason for departing from the appropriate sentence range...." MCL 769.34(11). Moreover, if on appeal it appears that the guidelines were incorrectly scored but that the correct score would not change the guidelines recommended range, remand for resentencing is not required. People v. Davis, 468 Mich. 77, 83, 658 N.W.2d 800 (2003); see, also, Mutchie, supra at 51-52, 658 N.W.2d 154 (an erroneous scoring of the guidelines does not require resentencing if the trial court would have imposed the same sentence regardless of the error).
Under the sentencing guidelines act, a court must impose a sentence in accordance with the appropriate sentence range. MCL 769.34(2), Hegwood, supra at 438, 636 N.W.2d 127. But the Legislature has provided that second-degree murder "shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same." MCL 750.317. The two alternative sentences available to a trial court, "life" or "any term of years," are "`mutually exclusive and a sentencing judge may (in the appropriate case) opt for either but not both.'" People v. Carson, 220 Mich.App. 662, 669, 560 N.W.2d 657 (1996), quoting People v. Johnson, 421 Mich. 494, 497-498, 364 N.W.2d 654 (1984) (additional citations and internal punctuation omitted). Many factors affect the grant of parole, so one can only speculate regarding whether a lengthy term of years or life imprisonment is the more severe sentence. Carson, supra at 676, 560 N.W.2d 657. The sentencing guidelines grid that applies here is MCL 777.61; and it permits the imposition of a life sentence in an appropriate case.
If we accept defendant's proposed guidelines scoring as correct, the appropriate sentencing guidelines range in this case is prior record variable level "B" and offense variable level "II." Defendant argues that when MCL 777.21(3)(a) is applied because of his status as a second-felony offender, the II-B range changes from a recommended minimum sentence of 162 to 270 months to a range of 162 to 337 months and the trial court does not have the option to impose a life sentence without articulating a substantial and compelling reason for departing from the guidelines range. MCL 769.34(3). The second-degree murder, habitual offender sentencing guidelines grid found in the Sentencing Guidelines Manual, March 1, 2003, p 86, supports defendant's position. But the Sentencing Guidelines Manual explicitly acknowledges that it has no force of law, and indeed provides the following caveat inside its front cover:
This sentencing guidelines manual has been prepared as an aid for those who use the guidelines enacted by the Michigan Legislature The manual is intended to reflect with complete accuracy the substance of the law. However, in the event that the manual fails to comport with the law, remember that the statute is the controlling authority. [Sentencing Guidelines Manual, March 1, 2003.]
In fact, the Legislature has not provided separate guidelines grids in situations where the habitual offender act applies. Rather, the Legislature has only directed that the upper level of the appropriate recommended minimum sentence range for an indeterminate sentence be increased in proportion to whether the convicted offender has one (twenty-five percent), two (fifty percent), or three (one hundred percent) prior felony or attempted felony convictions. MCL 777.21(3). Nevertheless, the Legislature has provided clear guidance regarding when it is appropriate to impose a life sentence within the guidelines range. Without adjustment under MCL 777.21(3), each of the possible sentence guidelines loci (twelve of eighteen) *200 where the upper range of the recommended minimum sentence is three hundred months or more permits a life sentence as an alternative sentence. MCL 777.61. We conclude that whether a life sentence is within the guidelines is therefore a function of the upper limit of the recommended minimum sentence range for an indeterminate sentence. Where the upper range is three hundred months (twenty-five years) or more, a life sentence is an appropriate alternative sentence within the guidelines recommendation.
This view is buttressed by the fact that only one of six loci in the M2 grid, III-A (162 to 270 months) recommends an alternative life sentence where the upper limit of the recommended minimum sentence range is less than three hundred months. MCL 777.61. Similarly, the sentencing guidelines grid for class "A" offenses has life as a recommended alternative sentence only where the upper limit of the recommended minimum sentence range is at least three hundred months.
In sum, we hold that a life sentence for second-degree murder is outside the guidelines where the appropriate guidelines locus is II-B, and MCL 777.21(3) does not apply. But, where MCL 777.21(3)(a) applies to increase the upper limit of locus II-B to 337 months, then a life sentence is within the appropriate guidelines range. Accordingly, in this case, even if OV 3 and OV 14 were wrongly scored, the life sentence the trial court imposed was within the guidelines recommended range. Accordingly, remand for resentencing is not required. Davis, supra at 83, 658 N.W.2d 800; Mutchie, supra at 52, 658 N.W.2d 154.
We affirm defendant's convictions and sentences. We do not retain jurisdiction.
NOTES
[1] See People v. VanderVliet, 444 Mich. 52, 508 N.W.2d 114 (1993), mod 445 Mich. 1205, 520 N.W.2d 338 (1994).
[2] A math error exists on the sentencing information report (SIR), which has an OV score of 105 points. This error did not affect the sentencing guidelines recommended range and does not affect defendant's claim of error.