# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTONIO LEWIS,

Defendant-Appellant.

UNPUBLISHED
December 12, 2017

No. 333616
Van Buren Circuit Court
LC No. 12-018553-FC

Before: MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his jury trial conviction of second-degree murder, MCL 750.317. The trial court sentenced defendant to 39 to 80 years' imprisonment as a second-offense habitual offender, MCL 769.10. We affirm.

This case arises from the death of Ivory Shaver. Shaver was last seen by family and friends on November 18, 2011; four months later, his body was discovered half-submerged in a farm's drainage ditch. Eventually, police charged defendant, Shaver's half-brother, with murder. As this Court described on previous appeal,

> The evidence amassed against defendant was entirely circumstantial, but decidedly powerful. Defendant was released from jail on the same day that Shaver went missing. By his own admission, defendant was the last person to see Shaver alive. While Shaver's whereabouts remained unknown, defendant secreted Shaver's cell phone and used it to send text messages, ostensibly written by Shaver, to Shaver's girlfriend and family members. Several of the messages purported to explain Shaver's absence. On the day Shaver disappeared, defendant exchanged a car—owned by Shaver's girlfriend—for money defendant's former cellmate used to post defendant's bail. Defendant later claimed that he had seen Shaver drive away in the vehicle. Defendant was familiar with the remote area where Shaver's body was found, and during a fight with his girlfriend, threatened that "he'd kill [her] too." [*People v Lewis*, unpublished opinion per curiam of the Court of Appeals, issued March 5, 2015 (Docket No. 318294), p 2.]

After defendant was first convicted of second-degree murder, he successfully appealed this conviction on the basis that the trial court erred in denying his request for self-representation. *Id.* at 17. After a new trial on remand, defendant was again convicted of second-degree murder.

In this appeal, defendant argues that the trial court erred in admitting defendant's journal entry into evidence because it was not admitted for a proper purpose under MRE 404(b) and because it was unfairly prejudicial. We disagree.

"The decision whether evidence is admissible is within the trial court's discretion and should only be reversed where there is a clear abuse of discretion." *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). An abuse of discretion exists if a trial court's decision falls outside the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). When the decision regarding the admissibility of evidence involves a preliminary question of law such as construing a rule of evidence or statute, appellate review is de novo. *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001). Preserved evidentiary error will merit reversal only if on review of the entire record, it is more probable than not that the error was outcome determinative. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

Because defendant failed to preserve this issue, our review is limited to plain error. *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). Accordingly, defendant may obtain relief only if "(1) error . . . occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); see also MRE 103(d). Reversal is warranted only where "the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763 (quotation marks and citation omitted).

Generally, all relevant evidence is admissible. MRE 402; *People v Roper*, 286 Mich App 77, 91; 777 NW2d 483 (2009). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. The assessment of evidence's probative versus prejudicial effect requires a balancing of several factors, including the necessary time to present the evidence, whether the evidence is needlessly cumulative, how directly probative the evidence is, how necessary the fact to be proven by the evidence is, whether the evidence would mislead the jury, and whether there is an alternate and less potentially harmful way to prove the fact. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). The determination of whether the probative value of the evidence is substantially outweighed by its prejudicial effect is best left to the trial court's contemporaneous assessment of the evidence. *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009).

Despite its relevancy, evidence of a person's character is generally not admissible to prove the propensity of a defendant to act accordingly. MRE 404(a). Michigan excludes such evidence for substantive purposes to avoid the danger of conviction based on a defendant's history of other misconduct. *Waclawski*, 286 Mich App at 670. But evidence of other crimes, wrongs, or acts may be admissible for other purposes:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity,

intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case. [MRE 404(b)(1).]

For evidence of other acts to be admissible under MRE 404(b), it must be (1) offered for a proper purpose, (2) be relevant under MRE 402, and (3) not have a probative value substantially outweighed by its potential for unfair prejudice. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

As emphasized by our Supreme Court, evidence is inadmissible under MRE 404(b) only if it constitutes evidence of crimes, wrongs, or acts other than the " 'conduct at issue in the case' that risks an impermissible character-to-conduct inference." *People v Jackson*, 498 Mich 246, 262; 869 NW2d 253 (2015). Accordingly, "if the proffered other acts evidence is logically relevant, and does not involve the intermediate inference of character, Rule 404(b) is not implicated." *VanderVliet*, 444 Mich at 64. To assess whether MRE 404(b) is implicated, the trial court must question whether the evidence is relevant to a fact in issue or whether the evidence seeks to only demonstrate a defendant's propensity. *Id.*

In the present case, the trial court admitted the following journal entry:

Daily log. February 17, 2012. It's been over 36 hours since I last seen my beautiful girl, Christina Rogers. Yes, I'm disappointed she snuck out and left, but, according to God, I was being an ass. I don't blame Chris for it. It took for me to hit rock bottom to understand how much I love her. As of today at 11:36 p.m. I am killing Tony and allowing Antonio to take over. Antonio won't hurt Chris. He loves her too much to do so. About 3:00 today I called Sue Brennan and rescheduled my appointment I cancelled and, in eight hours, I will go to the library to look up addresses to get lawsuits and children back, along with filing for Social Security so I can have money to get a business started. Today, I weighed myself and I'm down to 240 pounds. Yes. Not much eating, but did some exercises. This daily log is done every day and, after seven days, it's sent to Christina to let her know how I am doing. Hopefully I sleep better tonight. Tony no longer lives. Please don't mistake me for him. My name is Antonio Lewis. Tony is my first murder. Tonight, I draw truck for business and send letters to transport design and performance trailers for estimates. Good night.

This evidence was relevant because it demonstrated that defendant called Brennan, his mental health counselor at Van Buren Community Mental Health (CMH), on February 17, 2012, and Shaver's phone records, another admitted exhibit at trial, indicate that Shaver's phone was used to call Van Buren CMH on the same day. Accordingly, the journal entry is probative of the fact that defendant was in possession of Shaver's phone. Because Shaver was found with an empty cell phone holster and several witnesses testified that Shaver never left home without his phone, the evidence supports an inference that defendant murdered Shaver.

Moreover, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. MRE 403. The potentially harmful effect of the evidence was its

reference to harming Rogers and to defendant's mental health. However, in the journal entry, defendant only generally references hurting Rogers and a determination to treat her better. It does not state that defendant physically harmed Rogers or emotionally abused her. As to defendant's mental health, although the journal entry indicates that defendant was seeking mental health treatment, it does not indicate that defendant's mental health was debilitating or made defendant violent. To the extent that a person's hurting a significant other in the course of a relationship and his seeking mental health treatment is prejudicial, we believe it is outweighed by the probative value of the evidence. The journal entry directly linked defendant to the possession of Shaver's phone and made it more probable that defendant was Shaver's murderer. And although Rogers also testified to seeing Shaver's phone in defendant's dresser, the journal entry was not needlessly cumulative considering defense counsel's extensive attempts to discredit Rogers's testimony. In sum, the evidence was highly probative and not substantially outweighed by the danger of unfair prejudice. See *Blackston*, 481 Mich at 462. Therefore, the trial court did not plainly err in so finding. *Waclawski*, 286 Mich App at 670, 672.

Finally, the evidence was admissible despite MRE 404's ban on propensity evidence because the journal entry was not offered for the prohibited purpose of demonstrating that defendant committed the charged crime in accordance with a pattern of historical conduct. See *Jackson*, 498 Mich at 262. The evidence was offered to demonstrate that defendant had Shaver's phone in his possession, making it more probable that defendant was Shaver's murderer. It was not offered to demonstrate that because defendant harmed Rogers in the past, he murdered Shaver. Because the evidence was relevant to identifying defendant as the killer and did not involve an intermediate inference of character, MRE 404(b) was not implicated. See *VanderVliet*, 444 Mich at 64. Moreover, the trial court gave a limiting instruction prohibiting the jury from drawing an improper inference from the evidence, and jurors are presumed to follow their instructions. *Waclawski*, 286 Mich App at 674, 710. This instruction eliminated any potential unfair prejudice to defendant. See *People v Houston*, 261 Mich App 463, 469-470; 683 NW2d 192 (2004), aff'd but modified on other grounds 473 Mich 399 (2005). And finally, because the evidence was properly admitted under MRE 404(b), defendant cannot demonstrate that the prosecutor's failure to notify him before trial that the prosecutor planned to introduce evidence under MRE 404(b) affected his substantial rights. *Id* at 470.

Defendant also argues that defense counsel was ineffective for failing to object to the admission of the journal entry based on relevancy, unfair prejudice, or improper purpose. This claim must fail because the evidence was properly admitted and defense counsel is not required to raise futile objections. See *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

Finally, defendant argues that the trial court erred in allowing the admission of Rogers's testimony detailing an incident wherein defendant choked Rogers and stated "I'll kill you, too" because it was unfairly prejudicial and was not properly admitted under MRE 404(b). We again disagree. Because defendant preserved the issue whether the admission of this evidence was unfairly prejudicial, we review this portion of defendant's argument for an abuse of discretion and defendant's remaining argument for plain error. See *People v Kimble*, 470 Mich 305, 310; 684 NW2d 669 (2004) ("An objection based on one ground is usually considered insufficient to preserve an appellate attack based on a different ground."); MRE 104(a)(1), (d).

As defendant concedes, defendant's statement of "I'll kill you too" was clearly admissible under MRE 801(d)(2) as a party statement. As to Rogers's testimony that when defendant made the statement, he was choking her, we find that this testimony was properly admitted. Rogers's testimony concerning defendant's attack was introduced as context for his inculpatory statement. Rogers's testimony was not offered for the prohibited purpose of demonstrating that defendant committed the charged crime in accordance with a pattern of historical conduct. See *Jackson*, 498 Mich at 262. Rogers's testimony provided the needed background for defendant's statement, demonstrating that defendant was referring to an actual murder he committed. As the prosecutor argues on appeal, without this context, defendant's statement cannot be fully understood. Moreover, in addition to defendant's being responsible for Shaver's death, the evidence also indicates that Shaver's death was not accidental. Accordingly, because the evidence was not offered to demonstrate defendant's propensity for violence, it was properly admitted under MRE 404. See *VanderVliet*, 444 Mich at 64.

Moreover, the evidence was relevant under MRE 401. The evidence, combined with defendant's statement, indicates that defendant was responsible for Shaver's death. Rogers's testimony in particular demonstrates that defendant's statement referred to when defendant killed another human being. Considering the argument leading up to defendant's physical attack on Rogers—concerning Rogers' showing Shaver a tattoo— we find it also is probative of the fact that defendant's statement referred to Shaver's death.

This high probative value was not substantially outweighed by the danger of unfair prejudice. See MRE 403. Although there is a risk that presenting a subsequent act of violence will lead the jury to impermissibly infer character-to-conduct, here the evidence was highly probative. Further, the evidence was a small part of a seven-day trial. See *Blackston*, 481 Mich at 462. And, as mentioned previously, the trial court gave a limiting instruction prohibiting the jury from drawing an improper inference from the evidence, eliminating any potential unfair prejudice to defendant. See *Waclawski*, 286 Mich App at 710; *Houston*, 261 Mich App at 419-470. Accordingly, the evidence was properly admitted, and defendant is not entitled to relief.

We affirm.

/s/ Jane E. Markey
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause