670 N.W.2d 568 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Duane Eugene REINCKE, Defendant-Appellant.
Docket No. 123121, COA No. 232662.
Supreme Court of Michigan.
November 7, 2003.
On order of the Court, the application for leave to appeal the December 6, 2002 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND this case to the Court of Appeals for reconsideration in light of People v. Babcock, 469 Mich. 247, 666 N.W.2d 231 (2003).
WEAVER, J., dissents and states as follows:
I dissent from the remand order. Applying the analysis of my dissenting and concurring opinion in People v. Babcock, 469 Mich. 247, 666 N.W.2d 231 (2003), I would deny leave. The trial court satisfied the requirement for "a substantial and compelling reason" for its departure from the sentencing guidelines, and its decision did not venture beyond the range of principled outcomes under the circumstances.
YOUNG, J., dissents and states as follows:
I would deny leave to appeal because I believe that the trial court adequately articulated substantial and compelling reasons justifying the upward departure from the sentencing guidelines. Additionally, I believe that the substantial and compelling reasons justified the particular departure imposed.
Defendant was convicted of first-degree criminal sexual conduct, M.C.L. § 750.520(b)(1)(a). The extent and severity of injuries sustained by the three-year-old victim were nothing short of horrific. The victim suffered a complete tear of the tissue separating the vagina from the rectum. Because of the extensive bleeding, the victim required a transfer to another medical facility for surgery. The pediatric surgeon had never seen such an injury and had to study how to reconnect the tissue before performing the surgery. In addition, *569 the surgeon had difficulty locating the severed tissue to repair.
In justifying the departure of eighteen years and nine months, the trial court stated that the "[e]xcessive brutality by defendant toward [the] 3 year old victim is not adequately taken into account in [the] guidelines."
In People v. Babcock,[1] this Court held that a "substantial and compelling reason" justifying a departure from the guidelines must be an objective, verifiable reason that keenly or irresistibly grabs the Court's attention. In addition, the reason must be of considerable worth in deciding the length of a sentence.[2] The nature and extent of the injuries suffered by the victim in this case epitomize the type of objective and verifiable reasoning that "keenly or irresistibly" grabs the Court's attention.
Although Babcock stated that a "trial court is not required to use any formulaic or `magic' words" in articulating a substantial and compelling reason to justify a sentencing departure,[3] a majority of this Court apparently believes that the justification given by the trial court is insufficient under Babcock and requires a more specific incantation. However, I do not believe a remand is necessary under the facts of this case, nor do I believe that the trial court is required to recite:
The substantial and compelling reason justifying the eighteen-year, nine-month departure is the brutality shown by defendant toward the three-year-old victim, resulting in severe blood loss and requiring major reconstructive surgery as a result of defendant's forceful sexual penetration. Nothing in the statutory guidelines adequately accounts for this peculiarly brutal act of barbarity and our society will be well served and protected by having this defendant removed from its midst for as long as possible.[4]
I would deny leave to appeal.
CORRIGAN, C.J., joins the statement of YOUNG, J.
NOTES
[1] 469 Mich. 247, 666 N.W.2d 231 (2003).
[2] Id. at 257-258, 666 N.W.2d 231.
[3] Id. at 259 n. 13, 666 N.W.2d 231.
[4] However, given that my colleagues have decided to remand, the trial judge is free to use this statement.