# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 3, 2006

128629

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
　　　　　Plaintiff-Appellee,

v

JAMES DURRELL JACKSON,
　　　　　Defendant-Appellant.

SC: 128629
COA: 253115
Oakland CC: 03-189690-FC

_____/

　　　　On order of the Court, the application for leave to appeal the March 15, 2005 judgment of the Court of Appeals is considered and, pursuant to MCR 7. 302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and REMAND this case to the Oakland Circuit Court for resentencing within the appropriate sentencing guidelines range or, if the sentencing judge believes that a departure is justified, for a statement of substantial and compelling reasons supporting the departure.  We do not quarrel with the Court of Appeals finding that this crime was extremely brutal.  However, the sentencing judge stated that she did not believe that defendant was entitled to the same sentence as his accomplices, "who were able to step up to the plate and say what they did and to admit their guilt," while defendant subjected the victims to "having to testify."  A sentencing court, cannot, in whole, or in part, base its sentence on a defendant's refusal to admit guilt. *People v Wesley,* 428 Mich 708, 711 (1987); *People v Yennoir,* 399 Mich 892 (1977).  Nor can a defendant be punished for exercising his right to trial. *United States v Jackson,* 390 US 570; 88 S Ct 1209; 20 L Ed 2d 138 (1968); *People v Courts,* 401 Mich 57 (1977).

　　　　The sentencing court also commented on the "excessive brutality, violence, and terrorism" to which the victims were subjected.  But the 50-point score defendant received on Offense Variable 7 already accounted for these circumstances.  A sentencing court may base a departure on a characteristic already taken into account by the sentencing guidelines only if the court finds that the characteristic was given inadequate or disproportionate weight.  MCL 769.34(3)(b); *People v Babcock,* 469 Mich 247, 268 (2003).  No such finding was made here.

In all other respects, the application for leave to appeal is DENIED.

CORRIGAN, J., concurs and states as follows:

I concur in the majority's conclusion that the sentencing court improperly sentenced defendant on the basis of defendant's refusal to admit guilt. I also reluctantly concur in the majority's decision to remand this case for resentencing because the trial court failed to articulate the factors in this case that were "'given inadequate or disproportionate weight,'" the precise magic language necessary to sustain a departure under *People v Babcock*, 469 Mich 247, 268, 272 (2003). I write separately to reiterate that sentencing judges need to comply precisely with the *Babcock* requirements so that unnecessary remands may be avoided.

Defendant and his accomplices committed an unimaginably brutal crime. He and his three accomplices broke into a home in search of marijuana. The home, however, was at the time occupied by the victims, a married couple who were housesitting for the owners, and their two-year-old son. Over a period of two to three hours, defendant and his accomplices terrorized the victims through beatings and sexual assaults. The Court of Appeals thoroughly illustrated the objective and verifiable acts of defendant and his accomplices. It stated:

> The guidelines as scored simply do not contemplate the following objective and verifiable acts illustrating that each of the multiple victims in this case experienced sadism, torture or excessive brutality: (1) in the presence of the wife and the two-year old son, the husband endured a severe beating for a prolonged period, at least one-half hour with occasional beating thereafter, that split open the skin on his skull and caused multiple bruises and lacerations all over his body; the husband felt countless strikes by a shotgun, fists, feet and a whipping by an extension cord, and the wife saw the husband struck fifty or sixty times; (2) the assailants forced the husband to strip off his clothing by "point[ing] the gun to [the wife's] head and then to [the] son's head and ask[ing] if [they] wanted to die"; (3) while Anderson held the shotgun to the wife's face, he and defendant forced her to remove her clothing; defendant and the other assailants issued repeated threats, including that Anderson should shoot the victim because she had seen his face, and that they "should shoot [the wife] for bleeding, bitch"; they also advised the husband, "[B]itch, give us the shit or we're going to rape your girl"; (4) on one occasion, defendant committed three acts of vaginal and rectal penetration of the wife while she was forced to perform fellatio on Anderson, before the two other assailants also forced the wife to fellate them; during one of the last two acts of fellatio, someone penetrated the wife's vagina from behind; the husband repeatedly was beaten and forced to watch many of the penetrations of the wife; (5) defendant and the

other assailants forced the wife to fellate the husband briefly before punching and hitting the wife, and making her get on top of her husband and make sexual contact for a short time, all of which occurred while the two-year old son cried and screamed in the wife's arms; (6) the assailants repeatedly separated the victims, especially the wife, who was taken from place to place to facilitate multiple acts of sexual penetration with the various assailants; and (7) after the crimes, which occurred over the course of between two to three hours, (a) police officers indicated that the wife appeared hysterical and devastated; the wife subsequently lost her job and developed an ongoing anxiety disorder that requires daily medication, (b) a police officer reported that the husband exhibited "extremely upset, hysterical" behaviors, and (c) the mother observed that the son repeatedly exhibited aggressive behaviors. [Unpublished opinion per curiam of the Court of Appeals, issued March 15, 2005 (Docket No. 253115).]

At sentencing, the trial judge stated that "an upward departure is justifiable considering the excessive brutality, violence, the terrorism that had occurred to both these victims but most significantly, to [the female victim]." These factors, however, were already considered in the scoring of the offense variables. A sentencing court may base a departure on a characteristic already taken into account by the sentencing guidelines only if the court finds that the characteristic was "'given inadequate or disproportionate weight.'" *Babcock, supra* at 268; MCL 769.34(3)(b). The trial court did not so state. It appears to me that such magic language is now indisputably required before this Court will sustain an upward departure.

It is beyond peradventure that objective and verifiable reasons that keenly and irresistibly grab one's attention are present on this tragic record. In my nearly fourteen years as an appellate judge, I cannot recall such abject depravity, cruelty, and sadism toward victims—a married couple and their child—as the Court of Appeals has described. Defendant's crimes are "off the charts" in terms of extreme brutality, terrorism, and violence. Because the trial court failed to state that the factor of excessive brutality, violence, and terrorism was given inadequate weight under the guidelines, I join in remanding for resentencing.

WEAVER, J., concurs in part and dissents in part and states as follows:

I concur in the majority's holding that the sentencing court improperly sentenced on the basis of defendant's refusal to admit guilt. *United States v Jackson,* 390 US 570 (1968).

I dissent from the portion of the order remanding this case to the trial court on the basis of *People v Babcock,* 469 Mich 247 (2003). Applying the analysis of my partial dissent and partial concurrence in *People v Babcock, supra,* at 280-284, I would

find that the trial court satisfied the requirement for "a substantial and compelling reason" for its departure from the sentencing guidelines, and its decision did not venture beyond the range of principled outcomes under the circumstances.

YOUNG, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 3, 2006

_Corbin R. Davis_
Clerk

s1227