# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 25, 2008

135066

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

WILLIAM LEE LATHROP,
     Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135066
COA: 268152
Muskegon CC: 05-051910-FC

On order of the Court, the application for leave to appeal the August 21, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, we VACATE the sentence of the Muskegon Circuit Court, and we REMAND this case to the trial court for resentencing. Absent any indication in the record that the trial judge would have departed upward to the same extent if the guidelines had been properly scored, the prosecution's admission that prior record variable 5, MCL 777.55, was improperly scored establishes a plain error affecting the defendant's substantial rights. Had prior record variable 5 not been scored, the correct guidelines range was 108 to 180 months, rather than the 126 to 210 months on which the decision to depart upward was based. The trial court believed that it was departing upward by 30 months, when, in fact, the upward departure was 60 months above the minimum sentence range under properly scored sentence guidelines. Therefore, the defendant is entitled to relief under the rationale of *People v Francisco*, 474 Mich 82 (2006), and *People v Horan*, 477 Mich 1062 (2007). On remand, the trial court shall sentence the defendant within the appropriate sentencing guidelines range, or articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range in accordance with *People v Babcock*, 469 Mich 247 (2003).

We do not retain jurisdiction.

WEAVER, J., concurs and states as follows:

I concur in the order remanding this case for resentencing because the sentencing judge did not specifically state that, despite the scoring error, he would have imposed the same upward sentencing departure.

For the reasons stated in my concurrence/dissent in *People v Babcock,* 469 Mich 247, 280 (2003), I continue to believe that *Babcock, People v Reincke,* 469 Mich 957 (2003) (Weaver, J., dissenting), and *People v Francisco,* 474 Mich 82, 93-95 (2006) (Corrigan, J., dissenting, joined by Weaver, J.), were wrongly decided.

Further, I agree with and join the following portions of Justice Young's concurrence in this case:

> I write to provide a suggestion to sentencing courts that will hopefully curtail the cycle of appellate sentencing litigation that this Court's prior decisions have created. This Court has, through a series of recent decisions, construed the statutory sentencing guidelines in such a fashion that even modal defects necessitate resentencing. I do not believe that the sentencing guidelines warrant such a construction or result.
>
> > In *People v Babcock*, this Court held that
> >
> > > "if the trial court articulates multiple reasons, and the Court of Appeals . . . determines that some of these reasons are substantial and compelling and some are not, and the Court of Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, the Court must remand the case to the trial court for resentencing or rearticulation."
> >
> > I joined Justice Corrigan in her partial dissent in *Babcock* because I shared her belief that the remand requirement stated therein was inconsistent with the language of MCL 769.34(11). . . . I respectfully continue to believe that most remands mandated by this Court's holding in *Babcock* are unnecessary and not mandated by the statutory guidelines.
> >
> > > In a similar vein, this Court, in *People v Francisco*, mandated a remand for resentencing anytime an appellate court finds "'an error in scoring the sentencing guidelines,'" regardless [of] whether the original sentence still falls within the appropriate sentencing guidelines range upon rescoring. Again, I joined Justice Corrigan dissenting from the majority's decision because I believed the holding was contrary to the language of MCL 769.34(10). I continue to believe that scoring errors should be reviewed under our harmless error rule, MCR 2.613(A), and that most remands mandated by this Court's holding in *Francisco* are not required by the statute.

The cumulative effect of remands mandated by *Babcock* and *Francisco* has left this Court in a perpetual state of error correction . . . .

\* \* \*

In an effort to provide some relief to sentencing courts that wish to avoid resentencing orders that this Court's previous decisions would otherwise require, I am providing two sentencing instructions that I recommend all trial court judges cut out and paste into their bench books and use when they appropriately reflect the judge's sentencing intent. First, to avoid unnecessary remands for cases involving a sentencing departure, I suggest that all judges read the following passage into the record when appropriate:

> "Having acknowledged the substantial and compelling reasons justifying an upward/downward departure from the recommended sentencing guidelines, I believe a ____ year/month sentence is sufficiently warranted by each of the substantial and compelling reasons I have outlined. Moreover, I believe that the ____ year/month sentence I am imposing today is proportionate to the seriousness of the defendant's conduct and record and produces a proportionate criminal sentence, regardless of any potential errors in scoring the sentencing guidelines that may affect the recommended sentencing guidelines range."

Second, to avoid unnecessary remands for cases where a sentencing departure is not necessary, I suggest the following:

> "I believe that the ____ year/month sentence I am imposing today is proportionate to the seriousness of the defendant's conduct and record and produces a proportionate criminal sentence, regardless of any potential errors in scoring the sentencing guidelines that may affect the recommended sentencing guidelines range."

While I do not encourage the trial judges of this state to "game" the statutory sentencing guidelines, I do encourage judges to include these statements when a sentencing judge is convinced that the length of the sentence imposed is appropriate, even if there may be some undetected minor defect in the calculation of the recommended sentencing guidelines range.

KELLY, J., concurs and states as follows:

I concur in the order reversing the Court of Appeals decision and remanding this case to the trial court for resentencing. I write separately to express my concern about the

advice of Justices Weaver, Corrigan, and Young to sentencing judges to add an explicit disclaimer to their judgments of sentence. I believe that this advice encourages judges to disregard the law that requires them to consider accurate sentencing guidelines recommendations when sentencing convicts.

Generally, a defendant's minimum sentence must be within the appropriate sentence range.[1] However, MCL 769.34(3) allows a sentencing judge to "depart from the appropriate sentence range . . . if the court has a substantial and compelling reason for that departure . . . ." Importantly, this statute allows departure only from "the appropriate sentence range."

It follows that a sentence beyond the guidelines range that is based on an inappropriate range is invalid. Therefore, when a trial judge departs from a sentence range that is the product of incorrect scoring, the case must be remanded for resentencing. Of course, the judge could impose the same sentence on remand if there is a substantial and compelling reason justifying the particular departure from the sentence range produced by the correctly scored guidelines. But there are no magic words that insulate an otherwise improper sentence from challenge.

Justices Weaver, Corrigan, and Young express their displeasure with the current state of sentencing law. Regardless of our personal opinions on whether a departure from a sentence range based on incorrectly scored guidelines calls for resentencing, the Legislature, rather than this Court, has spoken about this matter. It has given sentencing judges the authority to depart from "the appropriate sentence range" only. A judge exceeds the scope of this authority and issues an invalid sentence when he or she departs from a sentence range that results from incorrect scoring. Harmless-error review is inapplicable to an invalid sentence. Accordingly, our personal opinions aside, a remand is necessary when a judge departs from a sentence range incorrectly scored. We should not encourage judges to violate this statutory requirement by indicating that they would render a sentence that exceeds the guidelines range regardless of whether the range is accurate.

In footnote 19 of his concurrence, Justice Young purports to "highlight[] for members of the judiciary what this Court has stated in its decisions concerning the statutory guidelines." The only overt suggestion this Court has ever offered sentencing courts had to do with any substantial and compelling reason for an upward departure about which a sentencing court may have doubts.[2] This Court has never instructed sentencing courts to ignore the appropriate sentencing guidelines.

---

[1] MCL 769.34(2).

[2] *People v Babcock*, 469 Mich 247, 260 n 15 (2003).

In *People v Mutchie*,[3] we declined to interpret offense variable (OV) 11 because, in departing upward, the sentencing court "clearly expressed its view that the sentences imposed in this case were the proper sentences without regard to how OV 11 might be scored."[4] We took into consideration the sentencing court's clearly expressed intent in *Mutchie*. But we did not advise sentencing courts that they should routinely state their intent to depart upward to the same extent no matter how much the appropriate guidelines range might change because of scoring errors.

My colleagues caution judges to use their instructions only when appropriate. But they also direct trial judges to state that the sentence imposed after an upward departure is proportionate regardless of any scoring errors that may affect the recommended sentencing guidelines range. This instruction has the potential of producing upward departures much greater than the judge contemplated on the basis of the sentencing range he or she believed to be applicable at sentencing. It precludes the judge from reviewing the changed sentencing range and reconsidering the upward departure. What is worse, it gives the judge a choice to consciously deny himself or herself such a review and reconsideration. Because the Court has never sanctioned giving such an overt instruction to sentencing courts, my colleagues' instruction does not highlight anything that the Court has stated in its decisions. This is notwithstanding Justice Young's assertion to the contrary.

In their second instruction regarding sentences without upward departures, my colleagues again direct judges to state that the sentence is proportionate regardless of any potential scoring errors that may affect the recommended guidelines range. This instruction is contrary to the majority opinion in *People v Francisco*.[5] Again, in suggesting that instruction, my colleagues are not highlighting the position of the majority of this Court. The instruction reflects the position of the dissent in *Francisco*, in which my colleagues concurred,[6] rather than the position of the majority.

YOUNG, J., concurs and states as follows:

I write to provide a suggestion to sentencing courts that will hopefully curtail the cycle of appellate sentencing litigation that this Court's prior decisions have created. This Court has, through a series of recent decisions,[7] construed the statutory sentencing

---

[3] *People v Mutchie,* 468 Mich 50 (2003).

[4] *Id.* at 52.

[5] *People v Francisco,* 474 Mich 82, 91-92 (2006).

[6] *Id*. at 93-95 (Corrigan, J., dissenting).

[7] See *People v Babcock*, 469 Mich 247, 271 (2003); *People v Francisco*, 474 Mich 82, 91 (2006).

guidelines in such a fashion that even modal defects necessitate resentencing.[8]  I do not believe that the sentencing guidelines warrant such a construction or result.

In *People v Babcock*, this Court held that

> if the trial court articulates multiple reasons, and the Court of Appeals . . . determines that some of these reasons are substantial and compelling and some are not, and the Court of Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, the Court must remand the case to the trial court for resentencing or rearticulation.[9]

I joined Justice Corrigan in her partial dissent in *Babcock* because I shared her belief that the remand requirement stated therein was inconsistent with the language of MCL 769.34(11).[10]  Although I am obligated to follow the law as established by this Court, I respectfully continue to believe that most remands mandated by this Court's holding in *Babcock* are unnecessary and not mandated by the statutory guidelines.

In a similar vein, this Court, in *People v Francisco*, mandated a remand for resentencing anytime an appellate court finds "'an error in scoring the sentencing guidelines,'"[11] regardless whether the original sentence still falls within the appropriate sentencing guidelines range upon rescoring.[12]  Again, I joined Justice Corrigan dissenting from the majority's decision because I believed that the holding was contrary to the language of MCL 769.34(10).  I continue to believe that scoring errors should be reviewed under our harmless error rule, MCR 2.613(A), and that most remands mandated by this Court's holding in *Francisco* are not required by the statute.

The cumulative effect of the remands mandated by *Babcock* and *Francisco* has left this Court in a perpetual state of error correction.  Fortunately, the trial courts of this state

---

[8] See, e.g., *People v Reincke*, 469 Mich 957, 957-958 (Young, J., dissenting) (explaining that "[t]he nature and extent of the injuries suffered by the victim in this case *epitomize* the type of objective and verifiable reasoning that 'keenly or irresistibly' grabs the Court's attention," but a remand was ordered because "a majority of this Court apparently believes that the justification given by the trial court is insufficient"); *People v Jackson*, 474 Mich 996 (2006) (Corrigan, J., concurring) (explaining that this Court's holding in *Babcock* required an otherwise unnecessary remand because the trial court did not use the "precise magic language necessary to sustain a departure").

[9] *Babcock*, *supra* at 271.

[10] *Id.* at 275 (Corrigan, C.J., concurring in part and dissenting in part).

[11] *Francisco*, *supra* at 88-91, quoting MCL 769.34(10).

[12] *Id.* at 93 (Corrigan, J., dissenting).

are not hopelessly subject to endless review by this Court when imposing a criminal sentence. In *Babcock*, this Court made the remand requirement contingent on the appellate court's ability to "determine the trial court's intentions."[13] This Court even suggested that if a trial court suspects that one of its reasons for departure may not be "substantial and compelling" to the appellate courts, the judge may avoid the requisite remand by stating: "I would impose the same sentence regardless of this reason."[14] In addition, in *People v Mutchie*,[15] this Court held that the remand that is required by *Francisco* is not required when the trial court "clearly expressed its view that the sentences imposed in [that] case were the proper sentences without regard to [a potential scoring error]."[16] Thus, it is imperative that sentencing judges do a more precise job in articulating their sentencing decisions when they believe that they have imposed a fair sentence.

In the present case, defendant's original recommended sentencing guidelines range was 126 to 210 months. The trial court departed upward from the original guidelines and sentenced defendant to a minimum sentence of 240 months in prison. The parties do not dispute that the trial court gave substantial and compelling reasons for the departure.[17] The prosecutor concedes, however, that prior record variable 5[18] was incorrectly scored and that the recommended guideline range should have been 108 to 180 months. However, the trial court did not expressly state that it would impose the same sentence regardless of any scoring errors that may change the guidelines range; thus, defendant is entitled to resentencing under *Francisco*.

In an effort to provide some relief to sentencing courts that wish to avoid resentencing orders that this Court's previous decisions would otherwise require, I am

---

[13] *Babcock*, *supra* at 260.

[14] *Id.* at 260 n 15.

[15] 468 Mich 50, 52 (2003).

[16] See also *Francisco*, *supra* at 89 n 8 (stating that "[r]esentencing is also not required where the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range," and citing *Mutchie*).

[17] The court gave three reasons: (1) defendant assaulted the victim, his wife, in front of their young children; (2) "the testimony in this case that once—with one of the thrusts into your wife's abdomen you then moved the knife. In other words you dragged it through here [sic, her] in a way that it seems like a hunter might do when he was trying to kill his prey"; and (3) after his arrest, defendant attempted to manipulate his children and turn them against their mother, blaming her for his actions.

[18] MCL 777.55.

providing two sentencing instructions that I recommend all trial court judges cut out and paste into their bench books and use when they appropriately reflect the judge's sentencing intent. First, to avoid unnecessary remands for cases involving a sentencing departure, I suggest that all judges read the following passage into the record when appropriate:

> Having acknowledged the substantial and compelling reasons justifying an upward/downward departure from the recommended sentencing guidelines, I believe a ____ year/month sentence is sufficiently warranted by each of the substantial and compelling reasons I have outlined. Moreover, I believe that the ____ year/month sentence I am imposing today is proportionate to the seriousness of the defendant's conduct and record and produces a proportionate criminal sentence, regardless of any potential errors in scoring the sentencing guidelines that may affect the recommended sentencing guidelines range.

Second, to avoid unnecessary remands for cases in which a sentencing departure is not necessary, I suggest the following:

> I believe that the ____ year/month sentence I am imposing today is proportionate to the seriousness of the defendant's conduct and record and produces a proportionate criminal sentence, regardless of any potential errors in scoring the sentencing guidelines that may affect the recommended sentencing guidelines range.

While I do not encourage the trial judges of this state to "game" the statutory sentencing guidelines, I do encourage judges to include these statements when a sentencing judge is convinced that the length of the sentence imposed is appropriate, even if there may be some undetected minor defect in the calculation of the recommended sentencing guidelines range.[19]

CORRIGAN, J., joins the statement of YOUNG, J.

---

[19] In her concurrence, Justice Kelly chastises me for highlighting for members of the judiciary what this Court has stated in its decisions concerning the statutory guidelines. If the Court no longer subscribes to the positions it has taken, the Court ought overrule the portions of those decisions on which I rely to provide counsel to the Michigan trial bench on sentencing questions.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 25, 2008

_Corbin R. Davis_
Clerk

p0122