*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 10, 2022

Plaintiff-Appellee,

v

No. 348555
Jackson Circuit Court
LC No. 16-005507-FC

BRIAN WILLIAM FURLONG,

Defendant-Appellant.

ON REMAND

Before: O'BRIEN, P.J., and SERVITTO, J., and GLEICHER, C.J.

PER CURIAM.

This case is before us on remand to consider the proper interpretation of MCL 777.43(1)(a), providing for a 50-point score for offense variable (OV) 13, in light of *People v Nelson*, 491 Mich 869; 809 NW2d 564 (2012). Based on the reasoning of *Nelson*, 50 points may only be assessed for OV 13 if the sentencing offense is first-degree criminal sexual conduct (CSC-I) involving the penetration of a victim under the age of 13 and is part of a pattern of other sexual penetrations of a victim under the age of 13. As the sentencing offense in this case was CSC-I of a victim between the ages of 13 and 16, the trial court erred in assessing 50 points. The Supreme Court retained jurisdiction over this appeal, and we recommend that it reverse and remand for resentencing.

## I. BACKGROUND

Brian Furlong pleaded guilty to one count of CSC-I in violation of MCL 750.520b(1)(b) (penetration of a victim at least 13 but less than 16 years of age and defendant is a member of the same household as the victim). Furlong had sexually abused his stepdaughter over an extended period, beginning when she was 12. Furlong's wife, the child's mother, discovered the abuse approximately one month after the child's 13th birthday. Furlong's plea was based on that final incident. In *People v Furlong*, unpublished per curiam opinion of the Court of Appeals, issued March 25, 2021 (Docket No. 348555) (*Furlong I*), p 2, this Court described that at sentencing, "the trial court assessed 50 points for OV 13, over [Furlong's] objection." This set Furlong's minimum

-1-

sentencing guidelines range at 51 to 85 months. The court upwardly departed, sentencing Furlong to 11 to 20 years' imprisonment.

This Court initially denied Furlong's application for leave to appeal, but the Supreme Court remanded for consideration as on leave granted. Furlong challenged the 50-point score for OV 13. MCL 777.43 governs the scoring of OV 13, in relevant part, as follows:

> (1) [OV] 13 is continuing pattern of criminal behavior. Score [OV] 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
>> (a) The offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age . . . . 50 points
>
> * * *
>
>> (c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person . . . . 25 points
>
> * * *
>
> (2) All of the following apply to scoring [OV] 13:
>
>> (a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction.
>
> * * *
>
>> (d) Score 50 points only if the sentencing offense is [CSC-I]. . . .

Furlong contended that as the sentencing offense involved the penetration of a victim over 13, it could not be part of a criminal pattern "involving 3 or more sexual penetrations against a person or persons less than 13 years of age." This Court affirmed the trial court's assessment of 50 points because the record evidence supported that three or more sexual penetrations had occurred before the victim turned 13.

Furlong filed an application for leave to appeal to our Supreme Court. After directing the prosecution to address the scoring of OV 13 in a supplemental brief, the Court remanded to this Court to consider whether 50 points were correctly assessed for OV 13 pursuant to MCL 777.43(1)(a) in light of *Nelson*, 491 Mich 869. *People v Furlong*, ___ Mich ___; ___ NW2d ___ (2022) (Docket No. 163010) (*Furlong II*). The Court also directed this Court's attention to *People v Aldridge (On Remand)*, unpublished per curiam of the Court of Appeals, issued December 16, 2021 (Docket No. 349082), which similarly had been remanded to this Court for reconsideration in light of *Nelson*.

## II. ANALYSIS

We review de novo issues involving the interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq. People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). We review for clear error the trial court's factual findings, findings that "must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). But we consider de novo whether the record facts are adequate to support the scoring of the sentencing factors. *Id*.

As noted, MCL 777.43(1) is scored when a defendant engages in a "continuing pattern of criminal behavior" and a 50-point score is supported when the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a). MCL 777.43(1)(c) requires a 25-point score when the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more crimes against a person."

In *People v Nelson*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 2011 (Docket No. 296932), unpub op at 1, the defendant was convicted of possession with intent to deliver cocaine and possession of a firearm during the commission of a felony. The trial court assessed 25 points for OV 13 pursuant to MCL 777.43(1)(c), concluding that the sentencing offenses were "part of a pattern of felonious criminal activity involving 3 or more crimes against a person." *Nelson*, unpub op at 2. The majority affirmed this score and Judge SHAPIRO dissented from this portion of the opinion, reasoning:

> [T]he crime for which defendant was charged and convicted was not a "crime against a person" under the guidelines, but rather a "crime involving a controlled substance." Thus, the crime for which he was convicted could not have been part of a pattern of crimes against persons. While there do not appear to be any published cases dealing precisely with this question, the language of the statute and the Supreme Court decision in *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006), strongly suggest this view. In *Francisco*, the Court concluded that the relevant five[-]year period to be considered under OV 13 must include the sentencing offense since "in order for the sentencing offense to constitute a part of the pattern it must be encompassed by the same five[-]year period as the other crimes constituting the pattern." *Id*. at 86-87. By the same logic, in order for the sentencing offense to be part of a pattern of crimes against persons, it must itself be a crime against a person. [*People v Nelson*, unpublished per curiam opinion of the Court of Appeals, July 19, 2011 (Docket No. 296932) (SHAPIRO, J., concurring in part and dissenting in part), unpub op at 1-2.]

The Supreme Court reversed this Court's opinion regarding the scoring of OV 13 for the reasons stated in Judge SHAPIRO's dissent, and remanded to the trial court for resentencing. *Nelson*, 491 Mich at 869.

In *People v Aldridge*, unpublished per curiam opinion of the Court of Appeals, issued June 4, 2020 (Docket No. 349082), unpub op at 1, the defendant pleaded guilty to malicious destruction of property and domestic violence, third offense. Using an analysis similar to Judge SHAPIRO's

dissent in *Nelson*, this Court noted that domestic violence was a sentencing offense and is a crime against a person. Accordingly, it could be relied upon to find "a pattern of felonious criminal activity involving 3 or more crimes against a person." *Id*. at 2-3. As the defendant had been convicted of a series of crimes against a person in the past five years, this Court affirmed the 25-point assessment for OV 13. *Id*. at 3.

The defendant filed an application for leave to appeal in the Supreme Court. In lieu of granting leave, the Court remanded to this Court for reconsideration of the OV 13 scoring issue in light of *Nelson*, 491 Mich at 869. *Aldridge*, ___ Mich ___; 965 NW2d 507 (2021). On remand, this Court described the facts in *Nelson* and Judge SHAPIRO's dissent, which was adopted by the Supreme Court. *Aldridge (On Remand)*, unpub op at 3-4. This Court continued, "Pursuant to the Supreme Court's order in *Nelson*, in order for the sentencing offense to be 'part of a pattern' of crimes against persons for purposes of scoring OV 13 at 25 points . . . it must itself be a crime against a person." *Aldridge (On Remand)*, unpub op at 4. Aldridge could not be assessed 25 points for OV 13, this Court concluded, because the sentencing offense was actually malicious destruction of a building, not domestic violence, and malicious destruction of a building is not a crime against a person. *Id*. at 5.

*Nelson* and *Aldridge* involved MCL 777.43(1)(c), which directs the sentencing court to assign 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." This case involves MCL 777.43(1)(a), which directs the court to assess 50 points for OV 13 when the sentencing offense is "part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." The statutory subsections employ identical language to direct that the sentencing offense itself must fall within the designated pattern. Pursuant to the statutory interpretation principle of *Nelson*, to support a 50-point score under subsection (1)(a), the sentencing offense must be a felony involving sexual penetration against a person or persons less than 13 years of age in order to be part of pattern of sexual penetrations of a victim under the age of 13. Although the sentencing offense in this case is part of a continuum of horrific sexual abuse including acts committed when the child was less than 13 years old, *Nelson* precludes us from finding that the sentencing offense of CSC-I involving the then-13-year-old victim can be part of the pattern contemplated in MCL 777.43(1)(a).[1]

---

[1] We acknowledge that this Court has twice held that under MCL 777.43(1)(a), the sentencing offense need not involve sexual penetration of a person under the age of 13 as long as the sentencing offense was CSC-I. *People v Uturo*, unpublished per curiam opinion of the Court of Appeals, issued August 17, 2020 (Docket No. 347311), p 9, lv den 507 Mich 905 (2021), ("Had the Legislature intended that the sentencing offense be one of the three penetrations, or that all penetrations must have occurred when the victim was less than 13 years old, it could easily have specified as much."); *People v Moore*, unpublished per curiam opinion of the Court of Appeals, issued March 11, 2014 (Docket No. 312909), p 2, lv den 497 Mich 854 (2014) (upholding the scoring of OV 13 at 50 points on the basis of three uncharged penetrations). However, "[u]npublished opinions are not binding" on future panels of this Court. *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015). The denial of leave also is not binding precedent.

Furlong's sentencing offense did *not* involve sexual penetration of a person less than 13 years of age. The trial court thereby erred by assessing 50 points for OV 13.

However, in its supplemental brief in the Supreme Court, the prosecution argued that the language of MCL 777.43(2)(d) requires that OV 13 be scored at 50 points for *all* sentencing offenses of CSC-I, otherwise subsection (2)(d) would be rendered nugatory. MCL 777.43(1)(a) limits the scoring of 50 points to felonies involving penetration against a person or persons less than 13 years of age. MCL 777.43(2)(d) further limits the scoring of 50 points only to cases in which the sentencing offense is CSC-I. The prosecution argues that this means all CSC-I sentencing offenses must be counted because "[s]coring 50 points would never have occurred in non-first degree offenses in the first place." Yet there are various other felonies that could involve penetration of a person or persons less than 13 years of age, including first-degree felony murder, MCL 750.316(1)(b) (murder committed in the perpetration of, or attempt to perpetrate, CSC-I), assault with intent to commit CSC involving sexual penetration, MCL 750.520g(1), and kidnapping, MCL 750.349(1)(c) (knowingly restraining another person with the intent to engage in criminal sexual penetration). MCL 777.43(2)(d) makes clear that such offenses, when they are the *sentencing offense*, should not be counted for the purpose of scoring 50 points under MCL 777.43(1)(a).[2]

The fact that MCL 777.43(2)(d) is a limiting provision, and not intended to expand the scope of MCL 777.43(1)(a), is supported by the Legislature's use of the term "only" in subsection (2)(d). If the Legislature had intended to expand the scope of MCL 777.43(1)(a), it could have instructed sentencing courts to score 50 points for "all" CSC-I sentencing offenses. Moreover, if the Legislature had intended MCL 777.43(1)(a) to include all CSC-I convictions, it would not have included the language "against a person or persons less than 13 years of age."

## III. RESENTENCING

Although the trial court could not assess 50 points for OV 13, a 25-point score was supportable. CSC-I of a victim between the ages of 13 and 16 is a crime against a person. MCL 777.16y. Therefore, Furlong's sentencing offense was part of a pattern of 3 or more crimes against a person. The reduction of 25 points from Furlong's total OV score moves him from cell A-IV to cell A-III, on the Class A felony sentencing grid. This alters the minimum sentencing guidelines range. While the trial court chose to depart upward from the original sentencing guideline range, the trial court must decide in the first instance whether it would impose the same upwardly departing sentence given the corrected range. See *People v Reynolds*, ___ Mich ___, ___; ___ NW2d ___ (2021) (Docket No. 162331), slip op at 4-8; *People v Lathrop*, 480 Mich 1036, 1036;

---

*People v Posey*, 334 Mich App 338, 357 n 5; 964 NW 2d 862 (2020), lv pending ___ Mich ___; 964 NW2d 362 (2021); MCR 7.301(E) ("The reasons for denying leave to appeal . . . are not to be regarded as precedent."). These unpublished opinions are not even persuasive in the matter at hand as this Court did not address or even acknowledge *Nelson*.

[2] Such offenses could be counted in the pattern of offenses when the sentencing offense is CSC-I involving penetration against a person or persons less than 13 years of age.

743 NW2d 565 (2008). Ultimately, the corrected score entitles Furlong to resentencing. See *Francisco*, 474 Mich 82.

On return to the Supreme Court, the Court should reverse the trial court's scoring decision and remand for resentencing.

/s/ Colleen A. O'Brien
/s/ Elizabeth L. Gleicher