**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 1, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                         No. 121559

MICHAEL RAY MUTCHIE,

    Defendant-Appellant.

_____

MEMORANDUM OPINION

Armed with a knife, the defendant raped the clerk of a grocery store in Hastings. He then abducted her, but she was able to escape as he drove through Saranac.

The defendant was charged with three counts of first-degree criminal sexual conduct and one count of kidnaping. MCL 750.520b(1)(e), 750.349. He pleaded guilty on all four counts of the information and was sentenced to concurrent terms of forty to one hundred years in prison for each CSC-I count and fifteen to twenty-five years in prison for kidnaping. The circuit court later denied a motion for resentencing.

The defendant filed an application for leave to appeal,

which the Court of Appeals granted, limited to his claim that the circuit court had erred in its decision to score 50 points under offense variable 11 of the sentencing guidelines for each of the CSC-I convictions. MCL 777.41. The Court then affirmed. 251 Mich App 273; 650 NW2d 733 (2002).

In its opinion, the Court of Appeals stated:

> After reviewing the record, we conclude that the scoring issue is moot because, even if there were error, resentencing is not warranted given the trial court's remarks that it would have imposed the same sentences regardless of the scoring of OV 11. [251 Mich 274.]

Despite that correct statement, the Court of Appeals added several pages of dicta in which it presented a close analysis of OV 11, focusing on the instructions set forth in MCL 777.41(2):

> All of the above apply to scoring offense variable 11:
>
> (a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.
>
> (b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.
>
> (c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

The Court of Appeals concluded that the circuit court correctly scored OV 11 in the present case.

The defendant has applied to this Court for leave to appeal, urging that we overturn the judgment of the Court of

2

Appeals with regard to OV 11.

We affirm, but find it unnecessary to express an opinion regarding the proper interpretation of OV 11. As the Court of Appeals observed, the circuit court clearly expressed its view that the sentences imposed in this case were the proper sentences without regard to how OV 11 might be scored. The forty-year minimum sentence imposed for each CSC-I conviction was a departure above the recommended range in any event, and the court expressly stated the substantial and compelling reasons that justified the departure.[1]

The analysis of OV 11 offered by the Court of Appeals was dictum. Because the sentences imposed by the circuit court were proper and were properly explained, we affirm the judgments of the Court of Appeals and the circuit court.[2] MCR 7.302(F)(1).

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

---

[1] "A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in [MCL 777.1 *et seq*.] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3).

[2] We have reviewed the defendant's other claims of error related to the sentence imposed by the circuit court, and we find no basis for resentencing or other relief.