# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 26, 2007

129614

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

WILLIAM JERMICHAEL CARTER,
            Defendant-Appellant.

SC: 129614
COA: 260369
Kent CC: 99-004389-FC

_____/

On November 15, 2006, the Court heard oral argument on the application for leave to appeal the August 16, 2005 order of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

I dissent from the decision to deny the application for leave to appeal from the trial court's denial of defendant's motion for relief from judgment. Defendant demonstrated the good cause and actual prejudice required by MCR 6.508(D). Therefore, the case should be remanded for resentencing.

Defendant brought his motion pursuant to MCR 6.508(D), contending, among other things, that offense variable 3 (OV 3), which addresses "physical injury to a victim,"[1] was improperly scored. In denying the motion, the trial judge found that defendant had failed to show why he had not raised this issue on direct appeal. In addition, he observed that, even if good cause had been established, "on resentencing [he] would impose the identical sentence [originally imposed]." The Court of Appeals also denied relief to defendant.

In order to succeed on a motion for relief from judgment in this Court, a defendant must demonstrate (1) good cause for failure to raise during the prior appeal the grounds

_____
[1] MCL 777.33.

raised now, and (2) actual prejudice to the defendant arising from the irregularities alleged. MCR 6.508(D)(3). In a case like this one which challenges the sentence, "actual prejudice" exists where the sentence is invalid. MCR 6.508(D)(3)(b)(iv).[2]

## GOOD CAUSE

Defendant contends that "good cause" exists for his failure to previously assert that OV 3 was improperly scored. He argues that his trial counsel omitted to raise and preserve this issue and was ineffective because of it. I agree. This Court has previously noted that "'[g]ood cause' can be established by proving ineffective assistance of counsel." *People v Kimble*, 470 Mich 305, 314 (2004). "To demonstrate ineffective assistance, it must be shown that defendant's attorney's performance fell below an objective standard of reasonableness and this performance prejudiced him." *Id.*

It is undisputed that 100 points were attributed to OV 3 when defendant was sentenced. It is also undisputed that MCL 777.33(2)(b), as it existed at the time, stated that OV 3 should not be scored at 100 points if the sentencing offense was homicide, as it was here. It appears that trial counsel ignored the language of the statute and failed to object when the court scored OV 3. The erroneous score given to OV 3 increased defendant's total OV score from 26 points to 126 points and heightened the sentencing guidelines range. See MCL 777.61. Counsel's failure to object cannot be viewed as trial strategy or any other rational, deliberate action. Accordingly, defendant has satisfied the "good cause" element of MCR 6.508(D)(3)(a).

---

[2] The question arises whether MCR 6.508(D)(2) is applicable here. It states: "The court may not grant relief to the defendant if the motion alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[.]" Defense counsel never raised the sentencing issue on direct appeal before the Court of Appeals or this Court. In fact, the Court of Appeals stated in its opinion that defendant "does not currently argue that the guidelines were wrongly scored or that the sentence was based on inaccurate information; thus, we will not consider any challenge to the sentence." *People v Carter*, unpublished opinion per curiam of the Court of Appeals, issued January 11, 2002 (Docket No. 225049, p 4). Similarly, defendant did not raise the issue in his motion pro se for reconsideration or supporting brief before this Court. Defendant did raise the issue, however, in his supplemental brief pro se in support of his motion for reconsideration before this Court. However, defendant filed his supplemental brief pro se on December 23, 2002. This Court issued its order on December 30, 2002. Therefore, it appears that this Court did not review defendant's supplemental brief pro se and consider his challenge to the scoring of OV 3. Accordingly, this issue was never considered, much less "decided against the defendant in a prior appeal or proceeding," and MCR 6.508(D)(2) is not applicable here.

ACTUAL PREJUDICE

Next, defendant must demonstrate "actual prejudice." MCR 6.508(D)(3)(b). As a result of the erroneous OV 3 score, the sentencing guidelines range was 270 to 450 months or life. MCL 777.61. Defendant was sentenced to a minimum of 288 months' imprisonment. If, as the parties agree, the proper score of 25 points for OV 3 had been ascribed, the sentencing guidelines range would have been lowered to 225 to 375 months or life. MCL 777.61.

This Court previously recognized that a defendant is entitled to be scored on the basis of accurate information, which includes accurately scored guidelines. *People v Francisco*, 474 Mich 82, 88, 89 (2006). "[W]hen a trial court sentences a defendant in reliance upon an inaccurate guidelines range, it does so in reliance upon inaccurate information." *Id.* at 89 n 7. As this Court noted in *Francisco*, the resulting sentence is invalid. *Id.* at 89, quoting *People v Miles*, 454 Mich 90, 96 (1997).

As noted above, "actual prejudice" exists when the sentence is invalid. MCR 6.508(D)(3)(b)(iv). The prejudice that resulted here is apparent when one considers where defendant's sentence fell within the initial guidelines range compared to where it falls within the corrected range. The bottom of the erroneous guidelines range was 270 months,[3] and, in reliance on that range, defendant was sentenced to a minimum of 288 months. Once the 100 points are removed and the 25 points are added, the corrected guidelines range becomes 225 to 375 months or life. MCL 777.61. Therefore, defendant's minimum sentence of 288 months is now closer to the middle of the guidelines range. Although the initial sentencing judge intended that defendant be sentenced at the lower end of the range, defendant is now being sentenced in the middle. As this Court noted in *Francisco,* "requiring resentencing in such circumstances not only respects the defendant's right to be sentenced on the basis of the law, but it also respects the trial court's interest in having defendant serve the sentence that it truly intends." *Francisco, supra* at 92.

THE NEED FOR RESENTENCING

The final issue in this case concerns whether resentencing was warranted because the second trial judge indicated that he would have imposed the same sentence regardless of the sentencing error.[4] In *Francisco*, this Court stated that "[r]esentencing is also not

---

[3] MCL 777.61.

[4] Specifically, in the order denying the motion for relief from judgment, Judge James Redford stated that "even if the defendant were to be given the relief requested as relates to OV 3 . . . this Court on resentencing would impose the identical sentence [originally imposed.]"

required where the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range." *Id.* at 89 n 8, citing *People v Mutchie*, 468 Mich 50, 51 (2003). In *Francisco*, the trial court had not indicated that it would have imposed the same sentence regardless of the scoring error. Therefore, the above-quoted language from *Francisco* is dictum, a statement not necessary for the holding of the case.

However, this Court did make a similar statement in *Mutchie*. In *Mutchie*, the sentencing court departed from the sentencing guidelines range. After an OV scoring error was discovered, the trial court, at a hearing on the defendant's motion for resentencing, indicated that it would have given the same sentence regardless of the error. This Court approved the Court of Appeals statement that the scoring issue was moot. Even had there been error, resentencing was not warranted given the trial court's remarks that it would have imposed the same sentence. *Mutchie*, *supra* at 51.

There is one important factual distinction between this case and *Mutchie*. In *Mutchie*, the *same* sentencing judge imposed the initial sentence and refused to alter it after having been shown the guidelines error. In this case, Judge H. David Soet sentenced defendant. Nearly 4 1/2 years later, Judge James Redford, who had replaced Judge Soet, denied defendant's motion for relief from judgment, indicating that he would impose the same sentence. Therefore, the initial sentencing judge did not indicate that he would have imposed the same sentence. Presumably, had he been given the correct guidelines range, he would have sentenced defendant near the bottom of the range. Also, Judge Redford did not consider Judge Soet's considered view about where on the range defendant should be sentenced.

Accordingly, because both good cause and actual prejudice exist and the case is distinguishable from *Mutchie*, I believe this Court should remand it to the circuit court for resentencing.

CAVANAGH, J., joins the statement of KELLY, J.

MARKMAN, J., dissents and states as follows:

I would remand to the circuit court for resentencing. Where the original sentencing judge sentenced defendant to a term of imprisonment less than 7 percent above the bottom of the guideline range and where, because of an error in scoring, such sentence would now be 28 percent above the bottom of the correct guideline range, I believe that defendant is entitled to be resentenced. *People v Francisco*, 474 Mich 82 (2006). The need for resentencing is not mitigated, in my judgment, by the fact that a

*substitute* sentencing judge has indicated in an order denying relief from judgment that, even if the guidelines were correctly scored, "this Court on resentencing would have imposed the identical sentence." Before it can be concluded that the *original* sentencing judge was genuinely determined to sentence defendant to a term of precisely 288 months -- notwithstanding what the correct high and low ends of the guideline range are -- defendant is entitled to a new sentencing hearing. If, after such hearing, the new sentencing judge is persuaded that the original sentencing judge would have sentenced defendant to a term of 288 months -- regardless of the high and low ends of the guideline range -- or otherwise decides that 288 months is the proper sentence, then so be it.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 26, 2007

_____
Clerk

d0123