# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 17, 2007

133654

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellee,

v

MARK ALLEN WOOLSEY,
    Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133654
COA: 274110
Macomb CC: 2004-003971-FC

On order of the Court, the application for leave to appeal the December 6, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Macomb Circuit Court and we REMAND this case to the circuit court for resentencing under properly scored sentencing guidelines. *People v Kimble,* 470 Mich 305 (2004). A defendant is entitled to be scored on the basis of accurate information, which includes accurately scored guidelines. *People v Francisco*, 474 Mich 82, 88-89 (2006). The defendant argues that he should have received zero points for OV 3, as is appropriate when "[n]o physical injury occurred to a victim." MCL 777.33(1)(f). Here, the evidence was insufficient to support a score of 5 points for OV 3. While resentencing would "not [be] required where the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range" [*People v Mutchie*, 468 Mich 50, 51 (2003)], the trial court neither gave a reason to deny the defendant's objection to the scoring of OV 3 nor did it state that it would impose the same sentence regardless of the scoring error. On remand, the trial court shall sentence the defendant within the appropriate sentencing guidelines range, or articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range in accordance with *People v Babcock*, 469 Mich 247 (2003). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 17, 2007

Clerk

s1010