# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MONICA MARIE STEVENS,

        Defendant-Appellant.

FOR PUBLICATION
November 29, 2016

No. 328097
Shiawassee Circuit Court
LC No. 14-006595-FH

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

O'CONNELL, J. (*dissenting*).

I respectfully dissent. I write simply to state that regarding departure sentences, *People v Steanhouse*, 313 Mich App 1, 48; 880 NW2d 297 (2015), is in conflict with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). As such, this Court is required to follow the strictures as set forth in the Supreme Court's *Lockridge* opinion. By following the strictures as set forth in the *Lockridge* opinion, the defendant is not entitled to a remand for a *Crosby* hearing, *United States v Crosby*, 397 F3d 103 (CA 2, 2005). I would affirm the well-reasoned decision of the learned trial court.

This case involves a departure sentence. It does not involve an *Alleyne*[1] challenge, nor does it involve a challenge to the mis-scoring of the guidelines. In such instances, *Lockridge* compels us to review the defendant's sentence for plain error. If no error occurs, no remand is necessary. In the present case, no error has occurred. In my opinion, it defies logic to remand a case for resentencing when the offense variables (OVs) are not mis-scored, when no valid *Alleyne* challenge exists, and when the trial court stated valid reasons for why its chosen sentence was more proportionate to both the offense and the offender.

This Court reviews the trial court's decision to depart upward from the sentencing guidelines for reasonableness under an abuse-of-discretion standard. *People v Masroor*, 313 Mich App 358, 373; 880 NW2d 812 (2015). The trial court abuses its discretion when its sentence is not proportional under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and its progeny. *Id*. at 373-374.

---

[1] *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

In imposing a departure sentence that exceeded the guideline range by nine months, the trial court stated that the recommended sentence did not "adequately handle[] this matter" and that it would fashion an "appropriate" sentence. The trial court explained that the guidelines did not adequately account for defendant's extensive history of alcohol-related crimes, including five prior convictions of operating while intoxicated, that defendant's blood alcohol content was three times over the legal limit, or that defendant had "previous and persistent failure to rehabilitate . . . ." Stevens had participated in five previous courses of alcohol abuse counseling but continued to drink. Finally, the trial court noted that Stevens did not admit responsibility for the crime and was not likely to be rehabilitated. The trial court specifically stated that its sentence "is more proportionate to this offense, because it accurately reflects the aggravating factors I've already discussed, and the need to impose a more severe sanction than those you've already faced."

The recommended guidelines range for Stevens's sentence was 0 to 13 months' imprisonment. The trial court exceeded the guideline range by nine months and sentenced Stevens to a term of 22 to 90 months' imprisonment. In my opinion, this was a reasonable and well-deserved sentence.

The *Lockridge* question at issue in this case is whether Stevens, a fifth-time multiple drunk driving offender, is entitled to be resentenced or at least entitled to a remand for a *Crosby* hearing. The answer to this question depends on whether Stevens can show plain error in her sentencing process. On appeal, Stevens does not contest the scoring of her guidelines, nor can she establish plain error. I therefore conclude that *Lockridge* addresses this issue perfectly: Stevens is not entitled to be resentenced.

In this case, I would adopt the identical reasons to apply as stated in my dissent in *People v Shank*, 313 Mich App 221; 881 NW2d 135 (2015) (O'CONNELL, J., *dissenting*), as follows:

> If a defendant does not challenge the scoring of his or her offense variables (OVs) at sentencing on *Alleyne* grounds, our review is for plain error affecting that defendant's substantial rights. *Lockridge*, 498 Mich at 392. In this case, Shank did not challenge the scoring of his OV scores on *Alleyne* grounds. Our review is for plain error.
>
> To be entitled to relief under plain-error review, a defendant must show that the error affected the outcome of the lower court proceedings. *Id*. at 393. The *Lockridge* court aptly stated the application of the plain error doctrine in cases—like Shank's—in which the defendant did not preserve an *Alleyne* challenge below and the trial court departed upward:
>
> > Because [the defendant] received an upward departure sentence that did not rely on the minimum sentence range from the improperly scored guidelines (and indeed, the trial court necessarily had to state on the record its reasons for departing from that range), *the defendant cannot show prejudice from any error* in scoring the OVs in violation of *Alleyne*. [*Id*. at 394 (emphasis altered).]

If a defendant's minimum sentence involved an upward departure, that defendant "necessarily cannot show plain error . . . ." *Id*. at 395 n 31. "It defies logic that the court in those circumstances would impose a lesser sentence had it been aware that the guidelines were merely advisory." *Id*.

In this regard, the *Steanhouse* court's decision to remand in that case was contrary to the precepts of stare decisis. As in *Lockridge*, the trial court in *Steanhouse* departed upward from the recommended sentencing range. *Steanhouse*, 313 Mich App at 42. The defendant in *Steanhouse*, like the defendant in *Lockridge*, did not challenge the scoring of his OVs on *Alleyne* grounds. *Id*. The Court of Appeals in *Steanhouse* recognized that the defendant could not establish a plain error under *Lockridge*. However, the Court proceeded to review the defendant's sentence and remand for resentencing anyway, directly contrary to the language of *Lockridge* providing that the *Lockridge* defendant was not entitled to resentencing under the exact same circumstances.

I would follow *Lockridge* without declaring a conflict panel. The reason is simple—this Court need not convene a conflict panel to follow a rule articulated by the Supreme Court, even if a decision of this Court conflicts with the Supreme Court's decision. *Charles A Murray Trust v Futrell*, 303 Mich App 28, 49; 840 NW2d 775 (2013). Until the Supreme Court's decision is overruled by the Supreme Court itself, the rules of stare decisis require this Court to follow the Supreme Court's decision. *Paige v Sterling Heights*, 476 Mich 495, 524; 720 NW2d 219 (2006). This Court simply "does not have the authority to recant the Supreme Court's positions." *Murray Trust*, 303 Mich App at 49. Under the rule of stare decisis, this Court must follow a decision of the Supreme Court even if another panel of this Court decided the same issue in a contrary fashion. *Id*. Because *Steanhouse* ignored the clear directives of the Michigan Supreme Court, it is against the rules of stare decisis to follow the procedures in that case. I cannot in good conscience violate the rules articulated in *Lockridge*.

A remand under *United States v Crosby*, 397 F3d 103 (CA 2, 2005), is used to determine whether prejudice resulted from an error. *People v Stokes*, 312 Mich App 181, 200-201; 877 NW2d 752 (2015). The *Lockridge* court stated that no prejudice could result from the type of "error" involved in this case. Shank cannot show plain error; therefore, he is not entitled to relief. I conclude that a *Crosby* remand is not appropriate or necessary in this case. [*Id*. at 228-230 (footnote omitted).]

I would affirm the trial court's well-reasoned decision in this matter. The sentence is proportionate both to the crime and the offender. No OVs have been mis-scored in violation of

the *Alleyne* decision.  No plain error has occurred.  It is clearly a waste of judicial resources to remand this case to the trial court.[2]

/s/ Peter D. O'Connell

---

[2] This Court's recent opinion in *People v Ambrose*, ___ Mich App ___, ___; ___ NW2d ___ (2016), slip op at 6, further supports my position:

> Further, even if we were to assume that the trial court erred in scoring OV 9, we would conclude that resentencing is not required.  Under *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), a trial court's departure from a defendant's recommended sentencing guidelines range is reviewed by this Court for reasonableness.  Defendant has not challenged the trial court's departure from the guidelines as unreasonable.  In light of the facts of this case, the trial court's lengthy articulation of its reasons for departing from the guidelines, and the minor extent of the departure, we hold that the departure was reasonable.  Although in *People v Biddles*, ___ Mich App ___, ___; ___ NW2d___ (2016) (Docket No. 326140); slip op at 4, we recently clarified the distinction between [*People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006)] errors and *Lockridge* errors, *Biddles* did not deal with an upward departure, and we do not read *Biddles* as requiring remand for a *Francisco* error when we have determined (as here) that a sentencing departure is reasonable under *Lockridge* and the sentence "did not rely on the minimum sentence range from the improperly scored guidelines" at issue. *Lockridge*, 498 Mich at 394; see also *People v Mutchie*, 468 Mich 50, 52; 658 NW2d 154 (2003) (holding that it was unnecessary to determine if a scoring error in OV 11 existed and required resentencing when the sentences imposed were departures "above the recommended range in any event, and the court expressly stated" the reasons for the departure).

-4-