# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES SCOTT,

       Defendant-Appellant.

UNPUBLISHED
May 10, 2018

No. 338046
Oakland Circuit Court
LC No. 2016-260187-FH

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial conviction[1] of unarmed robbery, MCL 750.530. Defendant was sentenced, as a second habitual offender, MCL 769.10, to 2½ to 22½ years of imprisonment for his unarmed robbery conviction. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence presented at trial was insufficient to prove the elements of unarmed robbery. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). The reviewing Court must determine if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the prosecution proved each essential element of the crime beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). A trier of fact may consider circumstantial evidence and all reasonable inferences that evidence creates. *Solloway*, 316 Mich App at 180-181. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Flick*, 487 Mich 1, 24-25; 790 NW2d 295 (2010) (internal quotation marks and citation omitted).

"To be guilty of unarmed robbery, a defendant must (1) feloniously take the property of another, (2) by force or violence or assault or putting in fear, and (3) be unarmed." *People v*

---

[1] Though the judgment of sentence states that there was a jury trial, there was, in fact, a bench trial.

*Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). Unarmed robbery is a specific intent crime. *Id*. The prosecution must prove that the defendant intended to deprive the owner of property. *Id*. "Because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant entertained the requisite intent." *Id*. at 178.

Defendant claims that he did not use force or violence, or assault, or put the victim in fear with the specific intent of depriving her of her phone. The evidence showed that defendant shook the victim's arm, causing her phone to fall to the ground. He then took the phone and began walking away with it. This series of events—causing the phone to fall and then promptly taking it—is sufficient to show that defendant shook Carroll's arm with the intent of causing her to lose her grip on her phone so that he could deprive her of it.

Additionally, there is sufficient evidence to show that defendant assaulted or put the victim in fear with the requisite intent. When the victim told defendant to give the phone back to her, defendant responded, "I'm about to be arrested for beating the shit out of a female," and began walking toward her. This qualifies as an assault, which is defined as "an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657, 661 (2004) (internal quotation marks and citation omitted). Because defendant's threat acted as a refusal of the victim's request to get her phone back, defendant assaulted her "in an attempt to retain possession of the property." MCL 750.530(2). By telling her that he was going to be arrested for beating a female and then walking toward her, defendant threatened to harm her. Viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence to establish that defendant assaulted or put the victim in fear while taking her phone. MCL 750.530(2). The series of events—shaking the victim's arm, picking up the phone that she dropped, threatening her when she asked for her phone, and then walking toward her—is sufficient to qualify as the "minimal circumstantial evidence . . . necessary to show a defendant entertained the requisite intent." *Harverson*, 291 Mich App at 178.

Defendant argues that he was acting irrationally when he shook Carroll's arm, blocked her from picking up her phone, and threatened her. Defendant further posits that his irrational behavior shows that he did not have the requisite intent when he acted. By claiming that he acted irrationally and therefore could not form the requisite intent, defendant seeks to put forth a diminished-capacity defense. There is, however, no diminished-capacity defense in Michigan. *People v Carpenter*, 464 Mich 223, 241; 627 NW2d 276 (2001).

## II. OFFENSE VARIABLE 19

Defendant also argues that he is entitled to resentencing because the trial court's purported improper assessment of offense variable (OV) 19 altered the advisory sentencing-guidelines range. Defendant contends that he did not interfere with the administration of justice during his arrest. Specifically, he was cooperative during his arrest, and only when placed in the squad car did he become disruptive (e.g., kicked the inside, banged his head, yelled). In his view, his disruptive actions did not interfere with the administration of justice and should be excused because he suffered from a mental disorder.

We need not determine whether the trial court properly scored OV 19 here. Even assuming for the sake of argument that OV 19 should have been scored zero, a sentence should be affirmed when the trial court "has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range." *People v Woolsey*, 480 Mich 909, 909 (2007) (internal quotation marks omitted). The trial court explicitly stated that it departed downward from the sentencing guidelines, imposing a lesser sentence because it wanted to "deflate the damage that would be done by the OV-19." Thus, the trial court clearly indicated that, even if OV 19 were assessed at zero points, the trial court would impose the same sentence. The sentence imposed falls within the appropriate sentencing-guidelines range if OV 19 is zero. The trial court sentenced defendant to a minimum term of 30 months, and, had OV 19 been assessed at zero points, the guidelines range would have been 29 to 71 months. As such, defendant is not entitled to resentencing. See *People v Mutchie*, 468 Mich 50, 52; 658 NW2d 154 (2003) (affirming the defendant's sentence despite the trial court's incorrect assessment of OV 11 because the trial court "clearly expressed its view that the sentences imposed in this case were the proper sentences without regard to how OV 11 might be scored.").

Affirmed.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Brock A. Swartzle