*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 28, 2020

v

ELI JAMES MEEKHOF,

        Defendant-Appellant.

No. 346536
Ottawa Circuit Court
LC No. 16-040417-FH

Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Eli Meekhof, appeals by delayed leave granted his *nolo contendere* plea to third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (penetration of a victim at least 13 years old but less than 16 years old).[1] The trial court sentenced Meekhof to 76 to 180 months' imprisonment, with credit for 33 days served. For the reasons stated in this opinion, we affirm Meekhof's conviction but vacate his sentence and remand for resentencing.

---

[1] *People v Meekhof*, unpublished order of the Court of Appeals, entered January 3, 2019 (Docket No. 346536).

# I. BASIC FACTS

This case arises from Meekhof's sexual abuse of his nephew. Meekhof's nephew reported to law enforcement that over a period of approximately six years, Meekhof sexually assaulted him. His statements, which are detailed in a police report, include his disclosure that he was first sexually abused by Meekhof when he was 8 years old. The child stated that Meekhof came into the room, laid him on his stomach, pulled his pants down, and then penetrated his anus with his penis. Meekhof told him to not tell anyone. The child disclosed that the abuse occurred "easily over 10 times," but he only described two additional assaults in detail. The second assault described occurred when he was 11 or 12 years old. He stated that he was playing a video game when Meekhof entered the room. He tried to get away, but Meekhof grabbed him, pulled him in the room, picked him up, put him on the bed, pulled his pants down, and put his penis in his "butt." He stated that he tried to scream, but Meekhof covered his mouth with his hand. Again, he was warned not to tell. The third assault described happened when the child was 13 years old. He disclosed that he was in a barn playing in a fort made out of hay when Meekhof entered. He described Meekhof pulling his pants down and again penetrating his anus with his penis. When another uncle pulled up in a loud truck, the child jumped away from Meekhof "so fast" and tried to jump over the fort. He stated that Meekhof grabbed him and held him down while covering his mouth until his other uncle went inside. He was once more told not to tell. Finally, although not described in detail, the child disclosed that the last incident of sexual abuse occurred when he was 14 years old. He said that since then he made every attempt to stay away from Meekhof.

Despite the child's detailed disclosure of multiple instances of sexual abuse, the prosecution initially charged Meekhof with a single count of CSC-III, alleging that between January 1, 2008 and January 1, 2014, Meekhof engaged in penile/anal penetration "with a child who was at least 13 years of age, but under 16 years." Subsequently, pursuant to a plea agreement with the prosecution, Meekhof pleaded no contest to the single charge of CSC-III in exchange for the prosecution not adding more serious charges of first-degree criminal sexual misconduct. The factual basis for his plea was the police report containing the child's description of the numerous sexual assaults.

At sentencing, Meekhof's lawyer challenged the scoring of the prior record variable (PRVs), but did not raise any objections to the prosecution's scoring of the offense variables (OVs). The sentencing guidelines range was calculated as 57 to 95 months, and the court sentenced Meekhof to 76 to 180 months' imprisonment. Subsequently, Meekhof filed a motion to correct an invalid sentence. Relevant to this appeal, he argued that OVs 8 and 11 were scored incorrectly.[2] The trial court disagreed and denied relief. This appeal by delayed leave granted follows.

---

[2] Meekhof also argued that the trial court's use of a 57 to 95 month sentencing guidelines range violated a sentencing agreement with the court that his guidelines range "would be" 51 to 85 months. The court denied relief on that basis, and Meekhof has not challenged that part of the court's order on appeal. Accordingly, we decline to address this issue further.

## II. SENTENCING

### A. STANDARD OF REVIEW

Meekhof argues that the trial court erred by scoring OVs 8, 11, and 13. He preserved his challenge to the scoring of OVs 8 and 11 by filing a motion to correct an invalid sentence, but he raises his challenge to the scoring of OV 13 for the first time on appeal before this Court. See *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). When sentencing a defendant, the trial court must support its factual determinations by a preponderance of the evidence, and this Court reviews those determinations for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. This Court reviews an unpreserved issue in a criminal case for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under plain-error review, the defendant bears the burden to show that an error occurred, it was clear or obvious, and it affected his or her substantial rights. *Id*. An error affects substantial rights when it caused prejudice or "affected the outcome of the lower court proceedings." *Id*.

### B. ANALYSIS

#### 1. OV 8

OV 8 must be scored at 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger *or was held captive beyond the time necessary to commit the offense*." MCL 777.38(1)(a). A defendant's conduct that occurs during the offense or as a part of the offense can satisfy the captivity requirement if the defendant held the victim for longer than the time necessary to commit the underlying offense. *People v Chelmicki*, 305 Mich App 58, 70; 850 NW2d 612 (2014). Because OV 8 specifically focuses on conduct beyond the time necessary to commit the offense, conduct beyond the particulars of the sentencing offense may be considered. *People v McGraw*, 484 Mich 120, 126; 771 NW2d 665 (2009). Yet, OV 8 also refers to "the offense," which suggests that if the victim was asported or held captive during a separate and distinct offense, that conduct should not be used to score OV 8. See *id*. at 126 (noting that conduct not related to the sentencing offense may only be considered when the Legislature has explicitly stated that such conduct may be considered). Thus, in accord with the language used in MCL 777.38(1)(a), the only conduct we will consider is conduct "beyond the time necessary to commit the offense." See MCL 777.38(1)(a).

In the police report used to provide the factual basis for Meekhof's no-contest plea, the child described with particularity three instances of penile/anal penetration. Neither the parties nor the court expressly stated which incident formed the basis for Meekhof's conviction. Yet, it is clear that Meekhof pleaded guilty to one count of CSC-III with a child who was at least 13 years of age, but less than 16 years of age. Only one of described sexual assaults occurred when the child was between the ages of 13 and 16. Accordingly, it is clear that the third described assault, which occurred in 2012 when the child was 13 years old, is the sentencing offense.

With regard to the 2012 sexual assault, the presentence investigative report (PSIR) includes the following recitation of the child's disclosure:

> The last incident that [the child] recalled was when he was 13 years old (2012). It was in the barn behind the residence . . . . [The child] said that he and his cousin had made a fort out of the hay. [The child] was inside the barn shooting pigeons when the defendant came in. [The child] tried to hid [sic] in the fort, however, the defendant located [the child]. The defendant again pulled [the child's] pants down. The defendant shoved [the child] down and that [sic] the defendant had sex with [the child] penetrating him in the buttocks. [The child] stated that it stopped when one of his cousins had run into the barn but he didn't see anything. A short time later [the child] heard his [other uncle] pull up in his grandpa's truck which was loud. [The child] said that he jumped off and away from the defendant so fast and tried to jump over the fort but the defendant *grabbed him and held him down* until his [other uncle] went into the house. Again, the defendant told [the child] not to say anything. [Emphasis added.]

Meekhof did not challenge the accuracy of this description of the offense. In the absence of an effective challenge to its accuracy, the information in the PSIR is presumed to be accurate. *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). Viewing the above description of the sentencing offense, it is clear that there is an adequate factual basis for the court's decision to score OV 8 at 15 points. After being sexually assaulted by Meekhof, the child heard a nearby adult and attempted to flee from Meekhof by getting up and trying to jump over a hay fort. In response, Meekhof grabbed him and held him down until the risk of discovery by the other uncle had passed. In doing so, he not only held the child captive beyond the time necessary to commit the offense, he also kept him concealed in a location where he was unlikely to be discovered. Accordingly, there was sufficient evidence to support the trial court's assessment of 15 points for OV 8.

## 2. OV 11

Meekhof next argues that the trial court erred by scoring OV 11 at 50 points. The prosecution concedes that OV 11 was improperly scored, and we agree. OV 11 must be scored at 50 points if "[t]wo or more sexual penetrations occurred." However, the court may only score "sexual penetrations of the victim by the offender arising out of the sentencing offense." MCL 777.41(2)(a). This does not include the CSC-III sentencing offense, MCL 777.41(2)(c), and any additional instances of penetration "extending beyond the sentencing offense" are accounted for in OVs 12 or 13. MCL 777.41(2)(b). As it applies to OV 11, "arising out of" means that there is a causal connection between the penetrations that is more than incidental. *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). Here, although the PSIR supports a finding that the child was sexually abused by Meekhof more than 10 times over a six-year period, only three specific instances are described: one when the child was 8, another when he was 11 or 12, and the last when he was 13. Given that the described penetrations occurred on different dates, the connection between the assaults was only incidental. See *id*. at 102. Because there was not sufficient evidence of additional penetrations that were causally connected to any incident that the child recalled, the proper score for OV 11 was zero points.

### 3. OV 13

Meekhof next argues that the trial court erred by scoring 25 points for OV 13. A score of 25 points must be assessed for OV 13 if the sentencing offense was part of a pattern of three or more crimes against a person occurring. MCL 777.43(1)(c). When scoring OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulting in a conviction." MCL 777.43(2)(a). Here, the sentencing offense occurred in 2012 when the child was 13. The child detailed another assault that occurred when he was 11 or 12 years old. Finally, the child reported that the last sexual assault occurred when he was 14 years old. From 2010 (when the child was 11) until 2014 (when the child was 14) is a four-year period, and nothing in the plain language of MCL 777.43(2)(a) precludes consideration of a five-year period that encompasses the sentencing offense and an offense or offenses that occurred subsequently. Consequently, there is a preponderance of the evidence to support the court's finding that within a five-year period that encompasses the sentencing offense, Meekhof committed three or more offenses against a person. The trial court did not plainly err by scoring OV 13 at 25 points.

### 4. CONCLUSION

The trial court did not err by scoring OVs 8 and 13. However, the court erred by scoring OV 11 at 50 points. Meekhof's PRV score of 10 points placed him in PRV level C, and his total OV score of 110 points placed him in OV level VI. The 50-point reduction in Meekhof's total OV score moves him from OV Level VI to OV Level V. The reduction in OV level reduces Meekhof's recommended minimum sentencing guidelines range. Because the scoring error affected the sentencing guidelines range, we vacate his sentence and remand for resentencing. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).[3]

---

[3] On appeal, the prosecution suggests that although the sentencing error reduces Meekhof's minimum sentencing guidelines range, we need not remand for resentencing. In support, the prosecution directs us to *People v Mutchie*, 468 Mich 50; 658 NW2d 154 (2003). In that case, our Supreme Court determined that regardless of whether the trial court erred by scoring OV 11, the departure sentence imposed by the trial court was supported by substantial and compelling reasons, which "were proper and were properly explained." *Id*. at 52. In doing so, the Court noted that "the circuit court clearly expressed its view that the sentences imposed in this case were the proper sentences without regard to how OV 11 might be scored." *Id*. Here, in contrast, the court imposed a sentence within the guidelines range, and it made no statements—express or otherwise—that it would have imposed the same sentence without regard to how OV 11 might be scored. As a result, *Mutchie*, is not applicable in this case. Furthermore, given that approximately three years later, in *Francisco*, 474 Mich at 92, the Supreme Court held that errors in scoring that affect the sentencing guidelines range require a remand for resentencing, we question the continuing viability of the holding in *Mutchie*.

Given our holding, we need not address Meekhof's contention that his trial lawyer provided ineffective assistance at sentencing by failing to object to the court's decision to score OVs 8, 11, and 13.

We affirm Meekhof's conviction, vacate his sentence, and remand for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly