*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERREIK JAYLEL LATHAM,

Defendant-Appellant.

FOR PUBLICATION
October 29, 2020

No. 338891
Wayne Circuit Court
LC No. 16-009739-01-FC

## ON RECONSIDERATION

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

JANSEN, J. (*dissenting*).

I would conclude that the trial court erroneously denied defendant's motion for resentencing where defendant is entitled to be resentenced on the basis of accurate information under *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). Therefore, I respectfully dissent.

## I. RELEVANT FACTUAL BACKGROUND

On September 5, 2016, between 4:00 a.m. and 4:30 a.m., defendant contacted the victim, a prostitute who advertised her services on Backpage.com. Defendant agreed to pay $60 for vaginal and oral sex with the victim. Defendant and the victim met at a Citgo gas station located on Patton Street and Seven Mile Road in Detroit. When the victim asked to be paid, defendant held a sharp object to her throat and forced her to have vaginal sex.

Defendant was found guilty of first-degree criminal sexual conduct. Defendant's recommended sentencing guidelines range was 51 to 85 months. Defendant was assigned 10 points for Offense Variable (OV) 1, 5 points for OV 2, 10 points for OV 4, and 25 points for OV 11. Defendant was assigned a total of 50 OV points which equated to an OV level III. Defendant was sentenced to 4 to 10 years' imprisonment.

On November 27, 2017, defendant filed in the trial court a motion to correct an invalid sentence and argued that he is entitled to resentencing because OV 11 was incorrectly scored at 25

points. Defendant argued that OV 11 should have been scored zero points in accordance with MCL 777.41(2)(c). Defendant asserted that if OV 11 was properly scored, his minimum sentencing guidelines range would have been reduced from 51 to 85 months to 42 to 70 months, which would have placed him on the sentencing grid at OV Level II, rather than OV Level III. Thus, defendant argued, he was entitled to be resentenced based on accurate information.

The trial court granted defendant's motion, in part, agreeing that OV 11 was incorrectly scored. The trial court ordered that OV 11 be scored at zero points, thus reducing the minimum sentencing guidelines range to 42 to 70 months. However, the trial court denied defendant's motion for resentencing. The trial court stated in its order that defendant's "original sentence of 48 to 120 months falls within the guidelines of the advisory guideline minimum range." This appeal followed.

## II. MOTION FOR RESENTENCING

Defendant argues that the trial court erroneously denied his motion for resentencing where he is entitled to be resentenced on the basis of accurate information under *Francisco*, 474 Mich at 88. I agree.

The issue of whether defendant is entitled to resentencing is a legal question which this Court reviews de novo. *Francisco*, 474 Mich at 85.

Under MCL 769.34(10),[1] "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Moreover, in *Francisco*, our Supreme Court concluded that it would be "in derogation of the law, and fundamentally unfair, to deny a defendant . . . the opportunity to be resentenced on the basis of accurate information." *Francisco*, 474 Mich at 89-90. This Court continues to affirm the legal principle that regardless of whether a defendant's sentence falls within the minimum sentencing guidelines range, a defendant is entitled to resentencing where the sentence was calculated from erroneously scored guidelines, or the trial court relied on inaccurate information when sentencing defendant. See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016); *People v Sours*, 315 Mich App 346, 350-351; 890 NW2d 401 (2016); *People v Carpenter*, 322 Mich App 523, 532; 912 NW2d 579 (2018).

A small caveat does exist, as outlined in *People v Mutchie*, 468 Mich 50; 658 NW2d 154 (2003). If a trial court indicates that, "it would have imposed the same sentence, regardless of the scoring error," resentencing is not required. *Id*. at 51. However, I would conclude that his caveat does not apply here, because the trial court did not indicate in its order that it would have imposed the same sentence. Rather, in its order denying defendant's motion for resentencing, the trial court stated that it was denying defendant's motion because the "original sentence" imposed "falls within the guidelines of the advisory guideline minimum range." I would conclude that this

---

[1] This Court explicitly held in *Schrauben*, 314 Mich App at 196 n 1, that MCL 769.34(10) was not altered or diminished by the Michigan Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015) (holding that the guidelines are only advisory).

reasoning is legally deficient. I believe defendant's original sentence is invalid, as it was based on inaccurate information, i.e., the incorrect scoring of OV 11. *Francisco*, 474 Mich at 89. Because defendant is constitutionally entitled to be sentenced on accurate information, I would conclude that a remand for resentencing is required.

/s/ Kathleen Jansen