*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DYLAN LEWIS BOGLARSKY,

Defendant-Appellant.

UNPUBLISHED
January 16, 2026
9:28 AM

No. 372187
Osceola Circuit Court
LC No. 2023-006241-FC

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Defendant, Dylan Lewis Boglarsky, engaged in sexual penetration with two girls, ages 12 and 13, while he resided in the same household as them. He pleaded guilty to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*i*) (sexual penetration with person at least 13 but less than 16 and member of same household), involving the 13-year-old in exchange for the dismissal of five additional CSC-I charges. The trial court upwardly departed from the sentencing guidelines and sentenced Boglarsky to 20 to 50 years' imprisonment. He appeals by leave granted[1] the trial court's order denying in part his motion to correct an invalid sentence. Because the trial court failed to justify the extent of the sentencing departure imposed, we vacate Boglarsky's sentence and remand for resentencing.

## I. BACKGROUND

Boglarsky lived in the same residence as two girls, ages 12 and 13, to whom he was unrelated.[2] It was eventually discovered that Boglarsky, then age 28, repeatedly sexually assaulted both girls and impregnated the 13-year-old after telling her that having sex with him would help

---

[1] *People v Boglarsky*, unpublished order of the Court of Appeals, entered October 9, 2024 (Docket No. 372187).

[2] The girls' adoptive mother stated that Boglarsky resided in the home "for protection," to help out around the house, and to drive the girls where they needed to go.

her retaliate against her father for abandoning her and her sister. The prosecution charged Boglarsky with three counts of CSC-I involving the 13-year-old[3] and three counts of CSC-I involving the 12-year-old.[4] He pleaded guilty to one charge involving the 13-year-old in exchange for the dismissal of the remaining charges.

At sentencing, the trial court adjusted the number of points assessed for OVs 9, 10, and 11. The court assessed 10 points for OV 9, 15 points for OV 10, and 50 points for OV 11. After the adjustments, Boglarsky's sentencing guidelines were 108 to 180 months, or 9 to 15 years. The trial court upwardly departed from the guidelines range, reasoning that the guidelines should be higher because Boglarsky had 145 total OV points, but the upper limit of the sentencing grid was 100 OV points. The court stated that Boglarsky's total of OV points was "45 points over . . . the max guideline for a class A offense." The court also stated that the facts of this case were "horrific" and that Boglarsky should not have received the plea deal that allowed him to avoid the 25-year mandatory minimum sentence for CSC-I involving the 12-year-old. Further, the court stated as follows:

> You persistently and perpetually abused a 12- and 13-year-old girl that was living with you. You manipulated them, you preyed on them, you used them. And you preyed, specifically, on their innocence and their insecurities for your own advantage. You manipulated the trauma that the girls had in their own lives, that was inflicted on them by somebody else and you used that as a means for you to take advantage of them.
>
> Throughout the entire presentence investigation report you place blame everywhere else, and you insist was an accident [sic]. Multiple acts of sexual penetration were an accident. That is what you said. That is what you told law enforcement in your interview. Multiple times that you sent pictures of your naked genitals to these two young girls, you said it was an accident.
>
> None of this was an accident. And if you think that the Court believes that you would have to be out of your mind. Not a single one of these acts was an accident. And then you said in your report that if it wasn't an accident, that the sexual assaults that you perpetrated multiple times on these girls was because you were asleep. The Court doesn't believe that either.
>
> * * *
>
> I really don't here [sic] much remorse. And the concern is, if you cannot appreciate what you did and how you have traumatized these girls for the rest of their lives, then there is really not a likelihood of rehabilitation for you. And if there is not a likelihood of rehabilitation for you, then the only thing that this Court

---

[3] MCL 750.520b(1)(b)(*i*) (sexual penetration with person at least 13 but less than 16 and member of same household).

[4] MCL 750.520b(1)(a) (victim under 13).

can do is keep society safe from you. And that is to lock you up for as long as this Court can.

The Court believes without a doubt that you are a predator, Mr. Boglarsky, because the report indicates that the 12- and 13-year-old girls that you abused in this case are not the only ones and that you have had prior victims as well. You have a history of abusing underage girls, and the Court finds that based on the information contained in this presentence investigation report, there is no real likelihood of rehabilitation.

* * *

Because of all that, I do not believe that the guidelines, which are 108 to 180 months on the minimum, are sufficient. I don't believe that that adequately reflects what you did in this case, and I don't believe that if I sentenced you somewhere in that guideline range, or even if I sentence you to the top of 180 months, it would not be proportionate to what you did here.

The court then sentenced Boglarsky to 20 to 50 years' imprisonment.

Boglarsky moved to correct his sentence, challenging the scoring of OVs 9, 10, 11, and 13. He asserted that the correction of those OVs would reduce his sentencing guidelines and entitle him to resentencing. The trial court agreed that the scoring of OVs 9, 11, and 13 was erroneous and reduced the number of points assessed for those variables. The court rejected Boglarsky's argument that OV 10, pertaining to predatory preoffense conduct, should be assessed zero points rather than 15 points. The court reasoned that Boglarsky engaged in predatory preoffense conduct by asking the 13-year-old whether she wanted to have sex with him to retaliate against her father, by giving her a ring, by manipulating her into believing that she and Boglarsky were in a dating relationship, and by exchanging genitalia pictures with her. The court determined that Boglarsky groomed the 13-year-old in order to sexually assault her. The court also reasoned that Boglarsky had sex with the girls' mother and told the girls about it to make them jealous. The court determined, under the preponderance of the evidence standard, that all of Boglarsky's predatory behavior occurred before the 13-year-old became pregnant because she was only seven-weeks pregnant at the time the police became aware of Boglarsky's conduct, which occurred over a longer period of time than seven weeks.

The correction of the points assessed for OVs 9, 11, and 13 reduced Boglarsky's total OV score by 85 points and reduced his minimum sentencing guidelines range to 51 to 85 months, or 4 years and 3 months to 7 years and 1 month. The trial court declined to resentence Boglarsky, however, relying on *People v Mutchie*, 468 Mich 50; 658 NW2d 154 (2003). The court stated that if it granted resentencing it would impose the same sentence notwithstanding the change to the sentencing guidelines. The court relied on the information contained in the presentence investigation report and its determination that Boglarsky was a predator who could not be rehabilitated. The court also stated that, at sentencing, "[i]t didn't matter what the guideline range was" because "the Court was going to go way above the guidelines." Moreover, the court recognized that the sentencing guidelines were advisory only after *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). The court further stated:

> If the Court of Appeals wants to remand . . . that's okay with me. We can go through the motions and give [Boglarsky] the opportunity to allocate [sic] again, I guess, but it is not going to change my sentence.

In addition, the court recognized that, with the corrections to the OV scoring, the sentencing guidelines did not "take into account much of the behavior that Mr. Boglarsky committed," including the numerous sexual penetrations that occurred in addition to the sentencing offense. The court noted that those penetrations could not be considered under OVs 11, 12, or 13, and that the court therefore considered them in sentencing Boglarsky to 20 to 50 years' imprisonment, which the court found reasonable and proportionate. This appeal followed.

## II. ANALYSIS

### A. OV 10

Boglarsky first challenges the trial court's assessment of 15 points for OV 10 on the basis that he engaged in predatory conduct. We review for clear error the trial court's factual determinations when scoring the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted). A preponderance of the evidence must support the trial court's factual determinations. *Hardy*, 494 Mich at 438. "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

OV 10 pertains to the "exploitation of a vulnerable victim." MCL 777.40(1). MCL 777.40(1)(a) directs a sentencing court to assess 15 points if "[p]redatory conduct was involved." MCL 777.40(1)(b) instructs that 10 points should be scored if "the offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status[.]" "Predatory conduct" is defined as "preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization." MCL 777.40(3)(a). Our Supreme Court offered the following guidance:

> To aid lower courts in determining whether 15 points are properly assessed under OV 10, we set forth the following analytical questions:
>
> (1) Did the offender engage in conduct before the commission of the offense?
>
> (2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?
>
> (3) Was victimization the offender's primary purpose for engaging in the preoffense conduct?

-4-

> If the court can answer all these questions affirmatively, then it may properly assess 15 points for OV 10 because the offender engaged in predatory conduct under MCL 777.40. [*People v Cannon*, 481 Mich 152, 161-162; 749 NW2d 257 (2008).]

In addition, discussing personal topics, exchanging messages, and spending leisure time with the victim can constitute preoffense conduct because it leads the victim to trust the defendant and to feel comfortable alone with them, thereby making it easier for the defendant to carry out a sexual assault. See *People v Lampe*, 327 Mich App 104, 116; 933 NW2d 314 (2019). Further, "[t]he timing and location of an offense—waiting until a victim is alone and isolated—is evidence of predatory conduct." *People v Ackah-Essien*, 311 Mich App 13, 37; 874 NW2d 172 (2015).

Boglarsky argues that the trial court erred when it determined that the predatory behaviors on which it relied in scoring OV 10 occurred before the 13-year-old became pregnant and therefore constituted preoffense conduct. Boglarsky's argument lacks merit because, by his own admission, he had been sleeping in the same room as the girls "for months," he began "dating" the 13-year-old in November 2022, and he believed he first had sex with her during that month—several months before it was discovered that she was seven weeks pregnant. Therefore, Boglarsky's own admissions belie his argument.

Further, considering the other questions set forth in *Cannon*, it is clear that Boglarsky engaged in predatory conduct. As the trial court recognized, Boglarsky preyed on the 13-year-old's susceptibilities and desire to "get back" at her father for abandoning her and her sister. The presentence investigation report indicates that the 13-year-old has a cognitive developmental delay and a cognitive impairment. Moreover, Boglarsky's primary purpose for engaging in his behavior was to convince the 13-year-old to have a sexual relationship with him. In fact, he maintained that he and the 13-year-old were "dating," and he gave her a ring. Accordingly, the record supports the trial court's assessment of 15 points for OV 10 on the basis that Boglarsky engaged in predatory conduct.

## B. PROPORTIONALITY

Boglarsky also argues that he is entitled to resentencing because the trial court failed to justify departing from the sentencing guidelines, failed to justify the extent of the departure, and relied on erroneous facts to support the departure imposed. We review for reasonableness a sentence that departs from the applicable sentencing guidelines range. *Lockridge*, 498 Mich at 392. When reviewing a sentence for reasonableness, we apply the abuse-of-discretion standard. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "[A] sentence is unreasonable if the trial court failed to follow the principle of proportionality or failed to provide adequate reasons for the extent of the departure from the sentencing guidelines." *People v Sherrill*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 360133); slip op at 9. The principle of proportionality requires that a sentence "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 474 (quotation marks and citation omitted). Although the sentencing guidelines are advisory only, a trial court must "consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 391, 399.

Before sentencing Boglarsky, the trial court consulted his sentencing guidelines. The court again consulted Boglarsky's sentencing guidelines before it declined to grant resentencing. The court recognized that the guidelines were advisory only and determined that the guidelines, particularly after they were corrected, did not "take into account much of the behavior that Mr. Boglarsky committed." In particular, the court referenced the multiple sexual penetrations that the corrected guidelines did not account for. Although Boglarsky argues that the 12-year-old victim denied having sex with him, Boglarsky admitted that he engaged in penile-oral, penile-vaginal, and penile-anal intercourse with the 12-year-old. In addition, he admitted engaging in numerous sexual penetrations with the 13-year-old that the sentencing guidelines did not consider. Further, the trial court recognized that Boglarsky convinced both girls to send him pictures of their genitalia, and he sent photos of his genitalia to them. In fact, the presentence investigation report indicates that the 13-year-old became jealous and angry when she discovered that Boglarsky had sent pictures of his penis to the 12-year-old.

The trial court repeatedly stated that it did not believe that a guidelines sentence was proportionate. The court described Boglarsky's actions as "horrific" and stated that it had never seen a case as egregious as this case in the court's 20 years as a prosecutor in the criminal sexual conduct unit before joining the bench. The court reasoned that Boglarsky "persistently and perpetually" abused both girls, "manipulated them," and "preyed on them." The court also recognized that Boglarsky failed to take responsibility for his actions and instead stated that he was asleep during the conduct or that he committed it by mistake. In our view, those excuses defy reality and basic common sense. The court further recognized that this case was not the first time that Boglarsky abused underage girls and that a lengthy prison sentence was necessary to protect society considering that "there is no real likelihood of rehabilitation."

Boglarsky argues that although the trial court's reasons for departing from the guidelines may have explained the 33% departure from the guidelines initially imposed, the court did not adequately explain the 185% departure from the corrected guidelines range. On this point, we agree. Although the court acknowledged that the departure imposed was very significant and stated that the "drastic change and reduction in the advisory minimum guidelines" did not affect its determination regarding a proportionate sentence, the court failed to justify the extent of the departure. The principle of proportionality requires a sentencing court "to provide adequate reasons for the extent of the departure sentence imposed . . . ." *Steanhouse*, 500 Mich at 476. The trial court stated that it would have sentenced Boglarsky to the same 20-year minimum sentence regardless of the sentencing guidelines, and regardless of whether this Court remands for resentencing, but the court was nevertheless required to justify the extent of the departure. While a 20-year minimum sentence may be reasonable considering the facts of this case, the court failed to state adequate reasons on the record for us to conclude that it is so. Accordingly, we vacate Boglarsky's sentence and remand for resentencing. If the court again departs from the sentencing guidelines, it must justify the departure, including the extent of the departure imposed.[5]

## C. DIFFERENT JUDGE

---

[5] Because we are remanding for resentencing, we need not address Boglarsky's argument that the trial court erred by denying resentencing after it corrected the scoring of his sentencing guidelines.

Finally, Boglarsky argues that he is entitled to resentencing before a different judge because the trial court's remarks strongly suggest that the court cannot set aside its previously-expressed beliefs. When this Court remands a case for resentencing, we have discretion to order that a different trial court judge conduct the resentencing. *People v Dixon-Bey*, 340 Mich App 292, 303; 985 NW2d 904 (2022). In exercising our discretion, we examine three factors:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. *Id.* at 304 (citation and brackets omitted).

Having considered the factors, we decline to order that resentencing proceed before a different judge. As previously stated, a 20-year minimum sentence may be reasonable considering the facts of this case. Our decision to remand for resentencing stems from the trial court's failure to articulate reasons justifying the extent of its departure and not from a determination that the sentenced imposed was necessarily disproportionate. We further conclude that assignment to a different judge is unnecessary to preserve the appearance of justice.

Vacated and remanded for resentencing. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates